JOHN FRINK *et al.*, Appellants, *v.* JOSEPH J. SCHROYER, Appellee.

APPEAL FROM COOK.

Where the parties to the action, and between whom the issue was tried, appear from the declaration and plea, but there is a misstatement of the names of some of the parties defendant, in parts of the record and in the judgment order, the judgment, for that reason, will not be reversed.

Such mistake being apparent on the record, is amendable at any time, either in the court where the decree remains, or in that to which it is appealed. But the better practice is to apply to the court where the error occurred, to have the record amended.

In an action against a common carrier, for injuries to the person, the jury may properly take into consideration any permanent damage, which the evidence showed was the natural and probable consequence of the injury.

Instructions in the nature of a motion in arrest, striking at the sufficiency of the alleged cause of action, may perhaps be sanctioned in practice.

A contract is implied, where one takes passage with a common carrier, that he shall pay for being carried, and that he shall be safely carried, and an express contract need not be proved.

THE substance of the declaration is stated in the opinion of the court. The instructions are also there, at length.

At November term, 1855, MANIERRE, Judge, presiding, a jury was sworn to try the issue joined in the case between

Joseph J. Schroyer, plaintiff, and John Frink, Martin O. Walker, G. Kimball, C. D. Davis, D. S. *Morris*, L. P. Sanger, A. R. Burnell, R. Stuart, O. C. Parmelee, Edward A. *Dawson*, Bissell Humphreys, and D. B. Hibbard, and having heard the evidence, retired to consider.

There was a verdict for plaintiff for five thousand dollars, and defendants moved for a new trial, and in arrest of judgment.

It was ordered that said motion for a new trial be sustained, unless the plaintiff remit $2,200 of the verdict, whereupon plaintiff's attorney enters a remittitur for $2,200, and agrees to take judgment for $2,800, under suggestion of the court that a new trial will not be granted, which is entered of record. And thereupon the court ordered that the motion be overruled, and rendered judgment for $2,800, and costs, in favor of Joseph J. Schroyer, and against John Frink, M. O. Walker, G. Kimball, C. D. Davis, D. S. Morris, L. P. Sanger, A. R. Burnell, R. Stewart, O. C. Parmelee, E. A. Dawson, Bissell Humphreys, and D. B. Hibbard.

T. L. DICKEY, for Appellant.

W. H. STICKNEY, for Appellee.

SKINNER, J. This was an action on the *case*. The declaration alleges that Frink, Walker, Kimball, Davis, *Moore*, Sanger, Burnell, Stewart, Parmelee, Damon, Humphreys, and Hibbard, on, etc., at, etc., "were owners of a certain stage coach, by them used and employed in carrying passengers from Springfield, in Sangamon county, to La Salle, in La Salle county, all in the State of Illinois, and divers other places, to wit," etc.; alleges that the defendants, "being such owners of said stage coach," on the day, and at the place mentioned, "received into their coach the said plaintiff as a passenger therein, to be carried thereby on a journey from Springfield to La Salle, aforesaid, for certain fare and reward to the said defendants in that behalf," etc., states the defendants' common law duty, as common carriers, and alleges that, in consequence of the negligence, unskillfullness, and want of care of the defendants, in the conduct and driving of the coach, upon the journey mentioned, the same overturned, whereby the plaintiff, "so being a passenger therein, became injured, bruised wounded, and one of his arms became broken and the use thereof destroyed," etc.

Issue was joined upon this declaration, by the defendants filing the plea of not guilty, and the plaintiff adding the common *similiter*. The cause was tried by jury, who returned

27

a verdict against the defendants, finding "the issue for the plaintiff," and the court rendered judgment, refusing a new trial, on the verdict against the defendants named in the summons and the declaration, except the surname *Moore* is made *Morris,* and the surname *Damon* is made *Dawson,* by the record.

The court, at the request of the plaintiff below, gave the following instructions:

1st. "If the jury believe, from the evidence, that the plaintiff was a passenger on the stage coach of defendants, "*and that the defendants were common carriers of passengers at the time,*" and that, while the said stage coach was under the exclusive management and control of the defendants, or their agents, upon the journey mentioned in the declaration, and while the plaintiff was a passenger therein, the said stage coach was overturned, and the plaintiff received an injury thereby, in consequence of drunkenness or negligence of the driver, or in consequence of the negligence of the defendants or their agents, without any carelessness on the part of the plaintiff, they should find for the plaintiff.

2d. "That in assessing damages for the injury, the jury may believe, from the evidence, the plaintiff to have received from the drunkenness or carelessness of the defendants, driver, or agent, if any they find, the jury are not confined to consider the direct expenses the plaintiff incurred, if any is proved, but also are to consider the loss of time, and such damages in future to the plaintiff, as may be likely to result, and from the evidence may appear to be the natural and probable result of the injuries received by the plaintiff."

The defendants ask the following instructions:

1. "That, to entitle plaintiff to recover in this action, it should be alleged in the declaration, and proven, that the defendants were common carriers at the time of the injury to the plaintiff, and that there being no such allegation in the declaration, that they were such common carriers, there is no foundation for proof of the fact, and therefore the plaintiff cannot recover in this action.

2. "That, to entitle the plaintiff to recover in this action, it should be alleged and proved that defendants were common carriers; that there being no allegation in the declaration that they were such carriers, there was no foundation for proof of the fact, and therefore plaintiff cannot recover in this action.

3. "To entitle the plaintiff to recover, it is necessary for him, under the declaration in this cause, to prove some relation by contract, express or implied, between the defendants and the plaintiff, and unless he has so done, you will find for the defendants."

The first and second the court refused, and gave the third, with the following qualification :

"But if the jury shall find, from the evidence, that at the time of the injury, plaintiff was a passenger in the stage coach of defendants, this is evidence from which the jury may infer a contract to carry him, and it is not necessary to show that the fare was actually paid."

The judgment cannot be reversed on account of the error appearing in the record, in the names of some of the defendants. The parties to the action, and between whom the issue was tried, appear from the declaration and the plea, and the misstatement of the surnames of some of these parties, defendant in the subsequent record, and judgment order, is evidently the mere clerical mistake of the officer, the clerk, in entering of record the proceedings and judgment of the court. This is apparent from inspection of the record, and the mistake is emendable by the record itself, at any time, either in the court where the record remains, or in any other court to which the record may be taken, by appeal or writ of error. Such is the letter and spirit of our statute of *jeofails.* Statutes 1856, Chap. 5, Secs. 1, 3 and 9. *Coughran* v *Gutcheus,* 18 Ill. R. 390, and cases there cited.

The better practice is to apply to the court where the record remains, and from which execution may issue, for the amendment correcting the names in the judgment order by the summons, declaration and plea; and this that court should, on proper application, do.

The instructions given on the part of the plaintiff substantially state the law. The jury, in considering of the plaintiff's damages, might properly take into consideration any permanent damage—the loss of the arm, which the evidence showed was the natural and probable consequence of the injury.

The first and second of these instructions are in nature of a motion, in arrest of judgment, striking at the sufficiency of the alleged cause of action, and may, perhaps, be sanctioned in practice by our statute. Statutes 1856, Chap. 83, Sec. 25. But they are not founded in fact. The counts of the declaration adopt the form of Mr. Chitty, adapted to such cases, use almost his identical language, and sufficiently show that the defendants were common carriers, in the legal sense of that term. 2 Chitty's Pl. 650.

The court properly added the qualification to the third instruction. A contract is implied, where one takes passage with a common carrier, that he shall pay a reasonable price or reward for being carried, and that the carrier shall exercise due care, skill and diligence in transporting him safely and speedily to the journey's end; and it is not necessary to prove

an express contract or actual payment of the reward. Angel on Com. Carriers, Secs. 461–467; ibid. Sec. 124; *M' Gill* v. *Rowand*, 3 Barr. R. 451.

The motion for a new trial was properly overruled. The evidence establishes that the defendants were common carriers of passengers; that the plaintiff took passage with them; that the accident and injury arose from reckless driving, and that the plaintiff was seriously injured, and in a manner to affect him for life.

*Judgment affirmed.*