## THE WASHINGTON AND THE GREGORY.

1. Where a collision between two vessels results from the fault of both of them, a party sustaining injuries from the collision may recover damages against both vessels, and they may be proceeded against in the same libel.

2. The damages recovered in such case may be apportioned by the decree equally between the two vessels; and at the same time the right be .eserved to the libellant to collect the entire amount of either of them in case of the inability of the other to respond for her portion.

APPEALS from the Circuit Court for the Southern District of New York.

This was a libel in admiralty by Ann Cavan, to recover damages for injuries sustained by her whilst a passenger on board the ferryboat D. S. Gregory, crossing the Hudson River, from a collision, which occurred September 16th, 1866, between that boat and the steamboat George Washington. The ferryboat was at the time making one of her regular trips from her slip at the foot of Montgomery Street, in Jersey City, to her slip at the foot of Desbrosses Street, in the city of New York. The Washington was an excursion boat, and was bound from the pier at the foot of Christopher Street to Barclay Street, in New York, intending to proceed thence down the bay. The ferryboat was crossing the river diagonally, and moving at the rate of between nine and ten miles an hour. The steamboat was going down the river at the rate of twelve miles an hour, distant about two hundred yards from the piers in New York. The collision took place in the morning, between the hours of ten and eleven. The weather was clear at the time, and the river in the vicinity of the collision quite free of boats of all kinds. In the courts below, and in this court, each vessel endeavored to throw the blame of the collision upon the other. The District Court and the Circuit Court held that the collision was caused by the fault of both vessels; that each was endeavoring to cross the bows of the other, and to force the other to pass under her stern    The libellant was at the time on her way to New York to attend church, the day being Sunday.

The injuries she received from the collision were of the most serious character, resulting in permanent disability. The District Court awarded her ten thousand dollars damages, to be recovered against both vessels. The Circuit Court affirmed the decree, but added to it that the damages should be equally apportioned between the two vessels; that upon the payment by the claimants of one vessel of one-half of the damages and costs, with interest and charges, proceedings against her for the collection of the residue should be stayed until execution for such residue against the claimants of the other vessel was returned unsatisfied, or until it otherwise appeared that the libellant was unable to collect the residue of them by process from the court. The decree also gave the parties liberty to apply to the court, if occasion should require, touching the enforcement of the decree.

The claimants of both vessels appealed to this court.

*Mr. Sidney Webster, for the claimants of the Gregory. Mr. Charles Donohue, for the claimants of the Washington. Messrs. Adams and Van Sandvoord, for the libellant.*

Mr. Justice FIELD delivered the opinion of the court.

The extent and character of the injuries sustained by the libellant are not disputed; and we do not think the amount at which her damages were assessed by the District Court, and which was approved by the Circuit Court, at all excessive. At the time the collision occurred the libellant was on her way to the city of New York to attend public worship, and was seated in the ladies' cabin, a few feet from the forward end. The bow of the Washington struck the ferry-boat near where she was seated, and passed through the cabin, tearing up the planks and timbers, and the inner partition separating it from the track of the wagonway, carrying the libellant through on to the track, and hurling upon her the loosened planks and timbers. Her left leg was broken, and the ankle sprained. Both bones of the right leg received three distinct fractures between the ankle and knee, and the lower part of the leg bone was crushed. Her

right cheek and ear and the back of her head were cut, and severe bruises were inflicted upon her body. From the injuries received she was unable for several weeks to assist herself, and required constant attention, suffering all the time intense pain. At the trial in the District Court, more than a year after the accident occurred, she could not move without pain, and it is the opinion of the surgeon who attended her that she is permanently disabled. We do not think, therefore, that any just objection can be made to the amount found.

The principal question made in the courts below was, whether the libellant was entitled to recover against both of the vessels, or only against one of them; and if only against one of them, which one; and this question depends for its solution upon the further question, whether the collision resulted from the fault of only one of the vessels, or from the fault of both of them.

The libellant alleges that the collision was caused by the negligence, want of skill, and improper conduct of the persons navigating both of the vessels.

The claimants of the Gregory contend that the collision was caused by the attempt of the Washington to continue her course and cross the bow of the Gregory after the latter, as they allege, had ported her helm so as to head to the New York shore and pass to the right of the Washington, and had blown two blasts of her whistle, at short intervals between them, as signals to the Washington of the course she intended to take.

The claimants of the Washington, on the other hand, impute the collision to the deviation of the Gregory from her usual course, which they contend would have taken her under the stern of the Washington, and her attempt to cross the bow of the Washington after the latter had indicated, as they allege, by two blasts of her whistle, that she was going ahead of the Gregory.

We have looked into the evidence presented by the parties with much care. As in nearly all collision cases, it is, in some respects, conflicting, but, in our judgment, shows that

both vessels were in fault. The collision occurred in open day, between the hours of ten and eleven in the morning. The weather at the time was clear, and the vessels were in full sight of each other from a distance of several hundred yards until they collided. The Washington was moving at the rate of twelve miles an hour, going down the river, about two hundred yards from the piers on the New York side. The Gregory was moving at the rate of between nine and ten miles an hour, crossing the river diagonally. Neither of the vessels paid any attention to the signals given by the other, but each continued on her course without waiting for a response, or coming to an understanding with the other vessel as to her course, and neither attempted to slacken her speed until too late to prevent the collision. We agree with the Circuit Court that neither pilot nor master of either vessel could have been taken by surprise at the meeting of the vessels, as each must have seen that the courses adopted and pursued necessarily led to it, and also that those courses were deliberately pursued by the pilot and master of each with the purpose of compelling the other vessel to change her course.

We do not feel called upon to vindicate our conclusions by citations from the evidence, which fills over one hundred and thirty printed pages of the record. The citations would illustrate no principle, and serve no useful purpose.

Both vessels being in fault, both were liable to the libellant, and both could be proceeded against in the same libel. The damages were properly apportioned equally between the two vessels, the right being reserved to the libellant to collect the entire amount of either of them, in case of the inability of the other to respond for her portion.*

DECREE AFFIRMED.

---

* The Steamer New Philadelphia, 1 Black, 62.