IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

### FEBRUARY TERM, 1881.

PRESENT—JAMES JACKSON, . . . . . CHIEF JUSTICE.
MARTIN J. CRAWFORD, . . ASSOCIATE "
ALEXANDER M. SPEER, . . " "

---

THE ATLANTA AND WEST POINT RAILROAD *vs.* JOHN-SON.

1. Where a declaration in a suit against a railroad on account of a physical injury alleged that plaintiff was employed as a train-hand on the defendant's freight train, that by the negligence of other employès the accident occurred (describing it) by which his fingers and a portion of his hand were so mashed as to necessitate amputation, and that his capacity to labor and earn money was thereby permanently diminished one half, evidence as to plaintiff's age and capacity to labor was admissible without more specific allegations in regard to them.

2. After stating an injury done to the plaintiff, giving all the material facts touching his physical condition, his previous capacity and present incapacity for labor resulting therefrom, it was not error to allow the witness to state how much less he could do after than before the injury.

3. We cannot see that the charge of the court was such as to constrain the verdict of the jury as to the amount of damages to be found.

(*a*). Suit being brought for a permanent injury resulting from a railroad accident, future pain and suffering may form an element in estimating damages, provided the evidence renders it reasonably certain that they will necessarily result from the injury.

4. It is not improper to introduce in evidence standard life-tables to show the expectancy of life of a person of the age of the injured party, as a basis upon which to estimate the amount of damages he should recover, and such in effect was the charge of the court.

(*a*). That the judge directed the jury to inquire into the plaintiff's capacity to labor instead of his ability to earn money is no ground of reversal. The capacity to labor was in fact the thing of which plaintiff claimed to have been deprived, and as a result thereof arose an inability to earn money.

5. In a suit by an employè against his employer for damages done by a co-employè, the question whether he himself was free from negligence, refers to negligence operating at the time of the injury. That he might have been negligent at some other time would not affect the issue.

6. The rule that positive is superior to negative testimony does not apply where, of two parties having equal facilities for seeing or hearing a thing, one swears that it occurred, the other that it did not. The preference the law gives positive over negative testimony is when one swears positively that a thing happened and another swears that he was present and did not see it or hear it (as the case may be), it being quite possible that it may nevertheless have happened.

7. We cannot say that the verdict in this case was unsupported by evidence.

Railroads. Damages. Negligence. Evidence. Charge of Court. Master and servant. New Trial. Before Judge CLARK. City Court of Atlanta. June Term, 1880.

Johnson sued the Atlanta and West Point Railroad Company for a personal injury. He alleged as follows: On the 18th of September, 1877, he was employed as a train-hand on the way-freight trains of said company, and while certain cars were being shifted from one track to another at LaGrange, Ga., the conductor, who had the power to do so, under the rules of the company, ordered him to couple a box car to a flat car loaded with lumber. In doing this his left hand was caught between the bumpers of the cars, without fault or negligence on his part, and his four fingers and a portion of his hand were thereby so mashed as to necessitate their amputation. The cause

was that the lumber on the flat-car extended so far over the end of the car that while he was rising from the position he was in when coupling the cars, the lumber struck him, and, in catching to avoid falling between the cars, his hand was caught between the bumpers. He did not see the lumber extending over the end of the flat car till it was too late to avoid the injury. It was the conductor's duty to give to the enginer the signals by which to regulate the speed of the engine in coming back. The conductor was not near and did not give the signals, and Johnson had to give them and could not see the condition of the lumber on the flat car.

He was "permanently injured by the negligence of the defendants' agents as aforesaid, without fault or negligence on his part, and he has suffered great pain, and will continue so to suffer during his life. He has spent for nursing $200.00, for physicians' bills $300.0c, and lost four months' time by reason of said injuries, of the value of $150.00, and has been damaged $20.000.00, as aforesaid."

By amendment the following allegations were added: The lumber was improperly loaded on the flat-car, as described in the declaration, and the defendant and its agents were guilty of negligence in having and allowing said car to be so loaded. Plaintiff further alleges that his capacity to labor and earn money was diminished one-half by his permanent injury in the loss of his hand, as described in the declaration, and that his damage for this cause is $10,000,00.0 His damages for pain and suffering are $10,000.00, and for loss of time, medicine and doctors bills $5,000.00, and for all $25,000.00.

The evidence is not material to an understanding of the errors complained of. The jury found for plaintiff $5,250.00. Defendant moved for a new trial on the following grounds, among others:

(1). The court erred in allowing proof of plaintiff's age, over defendant's objection, because the pleadings did not authorize such proof as to allow recovery for permanent injury.

(2). The court erred in allowing plaintiff to testify that his capacity to labor was diminished one-half, and Dr. Wilson to testify that he supposed his capacity was diminished from one-third to one-half, over defendant's objections, for the reasons above stated, and because that was not a legal mode of informing the jury of the measure of damages in that regard.

The court charged the jury as follows:

1. The plaintiff brings this action against the defendant, the Atlanta and West Point Railroad Company, to recover for damages sustained by reason of an injury received upon their road.

2. Upon the supposition that you may find for the plaintiff, and not by way of charging you that you should find for the plaintiff, or by way of expressing or intimating to you any opinion on this issue, I will state to you in the outset how you will arrive at the damages—how you will measure the damages in the case, if, under the principles of law given you in charge, you should find any damages for the plaintiff.

3. In the first place, he will be entitled to recover, in case you find in his favor, whatever amount the evidence satisfies you he has paid out for medicine.

4. In the second place, he would be entitled to recover whatever the evidence satisfies your minds he is liable for in the way of physicians' bills; provided, the amount shall be established to your satisfaction to be reasonable and just.

5. In the third place, he would be entitled to recover for whatever time the evidence satisfies you he lost, at such an amount per month as the evidence satisfies your minds he was making, and those things he will be entitled to recover whether the injury is permanent or not.

6. If you believe from the evidence that the injury is permanent; that is, it is an injury that will last him during his life, you will add to these items as you find them what you may believe from the evidence he has been per-

manently injured in dollars and cents ; in other words, whatever sum of money you may find will be compensation to him for the permanent injury you may believe, from the evidence, he has sustained. In order to do this, you must be satisfied from the evidence what he was worth per annum. When yon have satisfied yourselves what he was worth per year, you will then ascertain the cash value of that for his life. In order to aid you in coming to a conclusion on that point, certain tables contained in Reese's Manual are in evidence before you.

That table relates to annuities. An annuity is a sum a man is entitled to per year during his whole life. Sometimes there is a sale of that annuity, and in selling that annuity the present cash value of it must be ascertained. This table is made to show what is the present cash value of an annuity, according to the age of the person entitled to an annuity. Now turn to that table which is before you, as I said, for the purpose of aiding you in measuring damages in this branch of the case, and see in the first place how much it is established before you that this plaintiff was making per year. When you have satisfied your minds from the evidence as to that, the next thing before you to do will be to ascertain from the evidence what is the age of the plaintiff. You will then consult the table and ascertain as to the number of years and thousandth parts of years put opposite his age. You will multiply that by the sum you find he is entitled to per year; that would give you what would be the present cash value in case he was recovering an annuity of that sum, or entitled to annuity of that sum for and during his whole life. You will ascertain what his age will be after you shall have allowed him for the time he was disabled at the rate he was receiving per month, and what he was entitled to for the lost time, and from his age then you will find what he will be entitled to prospectively. As I said, that would give you what he would be entitled to as cash value of that sum per year, provided it was an annuity. Now,

when the evidence has satisfied your minds what the age of the plaintiff is, and the table the number of years to be computed in favor of a man of that age upon his value as an annuity, you will see, then, if you ought to deduct from that anything on account of the less ability he would have to labor and to earn money. If you think you ought to deduct anything from that amount, do so; but if you do not think you ought to, in consideration of his age and the principles of the table, you need not deduct anything. As I said before, it is all before you that you may come to a conclusion as to what the plaintiff is entitled to for the permanent injury. When you have satisfied your minds, according to the principles of law given you in charge, that he would be entitled to recover for the permanent injury, as I should have before said, in case he should have been disabled entirely for work, as if he had lost his life and somebody was suing the railroad for the homicide, you will see then how much less he was worth on account of the injury; was he worth a third or a half less, or any other fraction you may deduce from the evidence, according as his ability to labor has been lessened? After you have found the sum he should have, in your judgment, for his permanent injury, the gross sum, as though he had been entirely disabled, you will deduct from that, after calculation, how much he was disabled, the fractional proportion of disability established by you from the evidence. Then you will set that down as what he is entitled to for the permanent injury.

7. He is also entitled to receive at your hands some sum for pain and suffering endured on account of the injury, if you believe from the evidence that he endured pain and suffering. What that shall be we have no standard, such as you see in reference to other items of damages. That has to be left to the enlightened conscience of an impartial jury, because, mathematically, it is impossible to compute in dollars and cents as to the amount of pain and suffering endured. You must find that out

from the evidence, and in considering that you may have regard to the nature and extent of the injury, and you will ascertain from the evidence what a man must necessarily suffer who receives an injury of that character.

8. If you believe from the evidence, and the evidence before you is definite and tangible, that he is liable still all through his life to suffer pain on account of this injury, you may add something for that. As in the other case, this is addressed to the enlightened conscience of an impartial jury. You will take care on both points to be reasonable and just, and not oppressive.

9. Those, I believe, are the principles of law applicable to this case, on the subject of damages in finding for the plaintiff, in case, under the principles of law I shall give you in charge and the application of it to the evidence, you shall think he is entitled to recover. * * *

10. There is another element in the case necessary to entitle the plaintiff to recover, that is—that at the time the accident happened he could not have avoided it by the exercise of ordinary care. If at the time the accident happened he could have avoided it by the exercise of ordinary care, the plaintiff would not be entitled to recover.

11. There is another principle of law applicable to this case. I have charged you, in the first place, that you must be satisfied the defendant was negligent, and in the second place (always meaning from the evidence), that the plaintiff could not have avoided the injury by the exercise of ordinary care, and now, in the third place, although the road may have been negligent, and although the plaintiff may not have been able to have avoided the accident by the exercise of ordinary care, yet, if his negligence in any way contributed to the injury at the time it occurred, the plaintiff cannot recover. * * *

17. The law gives the preponderance over the negative testimony. If a man, for instance, says a thing happened, swears it occurred, and another swears it did not occur, or that he did not see it happen; but if it is also deducible

from his evidence that if it did happen he was obliged to have seen it—that evidence, although negative in its character, would be positive evidence.    The jury in such case would be controlled by the greater weight of the whole testimony in reference to any given point or points, taking into consideration where there is positive and negative testimony.    Also, when a witness swears positively that he saw a thing and that it did happen, and another witness swears positively that it did not happen, both the witnesses having equal opportunity of seeing, it is positive evidence both ways.    The preference the law gives positive over negative is when one swears positively that a thing happened and another swears that he was present and did not see it or hear it (as the case may be), it being quite possible that it may have happened although the other may not have seen or heard it.

The charge is erroneous in the following particulars, viz :

(a).  It compelled the jury to give damages for each and every item mentioned in the first nine paragraphs thereof, numbered from one to nine inclusive, if for either.

(b).  The fourth division, as to physician's bill, etc., was wrong.

(c).  The sixth division was wrong in that it treated the table in Reese's Manual as absolutely correct and absolutely binding on the jury.    That was error as to its legal effect, and was stating to the jury the court's opinion as to the weight and effect of that evidence.  So much of it as allowed them to deduct from the present value of the actual injury was obscure, and put so as to mislead the jury.    It also put ability to labor instead of ability to earn money, as the thing to which the jury should attend, and charged as to the table of numbers of years to be computed when it was not in evidence, and that division of the charge is otherwise erroneous.

(d).  The seventh and eighth divisions, as to damage for physical pain and suffering, is error in piling permanent

suffering on to the pain at the date of injury and sickness, and because it is not left optional with the jury to give such damages first mentioned, and is otherwise erroneous.

(4). The court erred in confining the jury, when considering whether plaintiff was negligent, to the time when the accident happened or occurred, as he did in the eleventh division of the charge.

(5). (Unnecessary to recite.)

(6). The seventeenth division, as to positive and negative evidence, did not state correctly the law on that point.

(7). The verdict is contrary to law, strongly and decidedly against the weight of the evidence, and excessive, and without evidence to support it.

The court refused a new trial, and defendant excepted.

N. J. HAMMOND, for plaintiff in error.

HOPKINS & GLENN, for defendant.

CRAWFORD, Justice.

This was a suit brought by Allen Johnson to recover damages from the Atlanta and West Point Railroad Company for a permanent injury sustained by him in the loss of his left hand; also the expense of nursing, medicine, physician's bill, loss of time, and the pain and suffering endured, which, as alleged, was caused by the agents of said company, and without fault on his part.

The jury, upon the trial of the case, gave him $5,250.00 damages. The defendant made a motion for a new trial which the court refused, and this refusal is alleged as error.

1, 2. The two first grounds of the motion for a new trial are, that the court allowed proof of the plaintiff's age, and capacity to labor, over defendant's objection when the pleadings did not authorize such proof as to allow recovery for permanent injury; and because plaintiff and witness Wilson were allowed to testify that his

capacity to labor was diminished one-half and one-third for the same reason, and also because it was not a legal mode of informing the jury of the measure of damages in that regard.

We neither appreciate the importance, nor recognize the legal necessity of averring in the declaration the plaintiff's age, any more than we do that his size, weight, health, strength, or capacity for physical endurance should have been averred, before the proof thereof could have been received upon the issues necessarily raised by the averments which were made.

The testimony showing that the plaintiff's capacity to labor was diminished was abundantly authorized under the pleadings, for it was distinctly alleged that he was employed as *a train-hand* on the way-freights of the said company, and that his fingers and a portion of his hand were so mashed as to necessitate amputation, and that his capacity to labor and earn money was thereby permanently diminished one-half.

The exception to the testimony of the plaintiff and Wilson would have been well taken, had they not both fully testified as to all the material facts touching his physical condition, and personal incapacity for labor, before they stated how much less he could then do, than he could have done before his injury was received. Having, however, done this, their testimony as delivered was perfectly competent.

3. The next error assigned is that the judge compelled the jury, by his charge, to give damages for each and every item mentioned in the first nine paragraphs thereof, if for either. After stating the nature of the suit, the judge instructed the jury how they were to measure the damages in the case, if they should find any for the plaintiff, but in this same connection he warned them that what he should say was not by way of charging them that they should find for him, nor by way of expressing or intimating any opinion on the issue. His instructions

then were, that if they should find for the plaintiff, that he would be entitled to recover the amount which the evidence showed that he had paid out for medicine; reasonable and just physician's bill; for the time lost at such an amount per month as the evidence showed that he was making; for the permanent injury which they from the evidence believed that he had sustained; for the pain and suffering which he had endured by reason of the injury; and if the evidence submitted was definite and tangible that he was to suffer pain all his life, then he was entitled to something for that.

An examination of the full text of the charge, does not impress us as compelling the jury to give damages for each and every item mentioned in the first nine paragraphs if they were given for either. Each one was made to rest on its own merit, and on the proof by which it was sustained, and to this we can see no objection.

But we have had the gravest possible doubts upon the question of allowing damages to be recovered for the pain and suffering which the court charged the jury the plaintiff was entitled to if they believed that he was liable to suffer the same all through his life on account of this injury. The doubts arose first, because damages for his permanent injury had been already specified, which might be sufficient to have included in their minds this also, and second because it was so conjectural, so uncertain, and so difficult of ascertainment, that we had great misgivings as to whether it should have been allowed to enter as an additional element of damages into the case. But the judge guarded it so thoroughly, and placed the jury in such full possession of the nature of this ground of damages, that after much hesitation, and in view of all the facts of the whole case, we have concluded that it should not be sent back for a third trial on this account.

Besides, it is to be remembered that no second action can be maintained in such a case as this, no difference how much suffering or pain may be endured, and for that

reason such damages are held recoverable where the evidence renders it reasonably certain, that they will *necessarily* result from the injury. 1 Duer, 233–240; 26 N. J. Eq., 474; 44 Miss., 466; 18 N. Y., 534; 48 N. H., 541; 18 Ill., 416; Thompson on Car. Pass., 564.

4. The fourth ground of error is, that the judge treated the table in Reese's Manual as absolutely correct and binding on the jury as to the present value of plaintiff's damages for the permanent injury, and in putting the ability to labor instead of the ability to earn money as the matter to be passed on by the jury.

How or where the court treated this table as stated does not appear to us. On the contrary, he says: "In order to aid you in coming to a conclusion on that point certain tables contained in Reese's Manual are in evidence before you." He then further instructed them that the calculation was based on an annuity, what an annuity was, and that the table was made to show what the cash value of one was according to the age of the owner; in other words he instructed the jury on that part of the evidence submitted, "It is not improper to introduce in evidence standard life-tables to show the expectancy of life of one of the age of the injured party, as a basis upon which to estimate the amount of damages he should recover." Thompson on Car. Pass., 565; 26 Iowa, 124; 9 Wall., 513. And it is always the duty of the court to instruct the jury upon the evidence.

On the second branch of the exception taken in this same ground, wherein it is complained that the judge should have directed the jury to inquire into the plaintiff's capacity to earn money, instead of his ability to labor, we think that the two are so closely connected as to make but little difference in this case as it was declared upon, and as the testimony disclosed the complaint of the plaintiff. But ability to labor was the thing he was really deprived of by the loss of his hand, and was therefore put properly before the jury.

FEBRUARY TERM, 1881.                271

The Atlanta and West Point Railroad vs. Johnson.

5. That the court erred in confining the jury to the consideration of the plaintiff's negligence "at the time" of the injury, as it may have worked damage to the defendant.

The right of the plaintiff to recover, turned upon what transpired when the injury was sustained; therefore it was immaterial whether he had been negligent at some other time or not, as that could in no wise affect the question so as to relieve the defendant, if it were liable at that time.

6. Error is assigned on the following charge of the court in regard to the preponderance of positive over negative evidence: "If a man, for instance, says a thing happened, swears it occurred, and another swears it did not occur, or that he did not see it happen; but if it is also deducible from his evidence that if it did happen he was obliged to have seen it—that evidence, although negative in its character, would be equal to positive evidence. The jury in such case would be controlled by the greater weight of the whole testimony in reference to any given point or points, taking into consideration whether there is positive or negative testimony. Also, when a witness swears positively that he saw a thing and that it did happen, and another witness swears positively that it did not happen, both the witnesses having equal opportunity of seeing, it is positive evidence both ways. The preference the law gives positive over negative is when one swears positively that a thing happened and another swears that he was present and did not see it or hear it (as the case may be), it being quite possible that it may have happened although the other may not have seen or heard it."

This charge sets forth substantially the law. It might have been more accurately stated in that part of it where it is said that, "if it were also deducible from his evidence that if it did happen he would have been obliged to have seen it," by saying that if the thing sworn to had happened he would have been obliged to have seen it. Still

the difference is not sufficient to make any impression on the minds of the jurors

7. The last ground of error is that the verdict is contrary to law, against the weight of evidence, and excessive.

The verdict is not contrary to law, unless it is because it is excessive, and upon this ground this court is not permitted to substitute its estimate of the damages for that of the jury.

We appreciate the extreme difficulty which must attend honest and upright jurors in determining with accuracy and fairness the real damages sustained in these cases; their sound sense and deliberate judgment, based upon all the testimony, must finally determine how much should be allowed as compensation for the injuries suffered. They are to be aided in this delicate and responsible duty by the judge, who should caution and counsel them against excessive findings. In this case the judge warned the jury to take care to be reasonable and just, and not oppressive. They have said how much the damages were, and our law has declared that, " the question of damages being one for the jury, the court should not interfere unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." Code, §2947.

Whilst we would not have estimated the damages so great as here found, yet for wise purposes the law imposes this duty upon the jury, and when they have spoken, under the evidence and law, the court has no power to alter it unless for the reasons named in the statute ; none appearing, the verdict must stand.

Judgment affirmed.