## THE "STERLING" AND THE "EQUATOR."

1. A decree against two vessels at fault should be, not *in solido* for the full amount of damages sustained by the libellant, but severally against each for one-half of his damage and costs, any balance which he shall be unable to enforce against either vessel to be paid by the other or its stipulators, to the extent of her stipulated value beyond the moiety due from her.
2. Inasmuch as the form of the decree was not in this case called to the attention of the Circuit Court, the parties are required to pay their respective costs in this court.

APPEAL from the Circuit Court of the United States for the District of Louisiana.

The case is stated in the opinion of the court.

*Mr. J. Warren Coulston* and *Mr. William L. Putnam* for the appellant.

*Mr. Joseph P. Hornor* and *Mr. William S. Benedict* for the appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a suit in admiralty against the ship "Sterling" and tow-boat "Equator," for damages sustained by the bark "Sif" in a collision. Both the ship and tow-boat were found to be in fault, and they were condemned *in solido* for the whole amount of the loss. From a decree to that effect this appeal was taken.

It is conceded that upon the facts found the owners of the "Sif" are entitled to a decree against the ship and the tow-boat, as both were in fault. The well-established rule in such cases is to apportion the damages equally between the two offending vessels, the right being reserved to the libellant to collect the entire amount from either of them to the extent of her stipulated value, in case of the inability of the other to respond for her portion. *The Washington and The Gregory*, 9 Wall. 513; *The Alabama and The Gamecock*, 92 U. S. 695; *The Virginia Ehrman and The Agnese*, 97 id. 309; *The City of Hartford and The Unit*, id. 323. As in this case the decree was against both vessels for the full amount of the loss, it should be modified so as to be against the "Sterling" and the

" Equator," and their respective stipulators, severally, each for one-half of the entire damage and costs, any balance of such half, which the libellant shall not be able to enforce against either vessel to be paid by the other vessel or her stipulators, so far as her stipulated value extends. As it does not appear from the record that the attention of the court below was called to this objection to the form of the decree, each party will be required to pay his own costs in this court.

> *Decree reversed, and cause remanded with instructions to enter a new decree in accordance with this opinion, adding interest to the date of such entry.*