### John S. Barnes, Appellee, v. Danville Street Railway and Light Company, Appellant.

1. PERSONAL INJURIES—*when doctrine res ipsa loquitur applies.* Where an injury occurs to a person who is a passenger in the exercise of ordinary care upon the car of a common carrier by some defect in the machinery wholly under the control of the carrier, a *prima facie* case of negligence on the part of the carrier is established and the burden of proof is upon it to show that the accident was without its fault.

2. PASSENGER AND CARRIER—*what not lack of ordinary care by former.* The action of a passenger in not assisting to move a car, *held*, under the facts of this case, not to show an absence of ordinary care.

3. PASSENGER AND CARRIER—*what not essential to establish relation of.* It is not necessary to prove that one claiming to be a passenger has in fact paid his car fare in order to constitute the relation of passenger and carrier; such a contract may be implied from slight circumstances and it need not actually be consummated by the payment of fare.

4. PLEADING—*what admitted by plea of general issue.* The plea of the general issue by a defendant traction company sued for personal injuries, admits the operation of the line in question.

5. DAMAGES—*what competent to show value of services.* In an action for personal injuries where damages resulting from loss of

earnings is claimed, a question as follows, held proper: "What were your services just prior to this time fairly and reasonably worth?"

Action in case for personal injuries. Appeal from the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

H. M. STEELY and LOUIS CLEMENTS, for appellant.

CURTIS G. REDDEN and S. M. CLARK, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

John S. Barnes brought suit in the Circuit Court of Vermilion county against the Danville Street Railway and Light Company to recover damages alleged to have been sustained by him by reason of the negligent manner in which the servants of the railway company managed one of its street cars. There was a verdict in favor of Barnes in the sum of $3,000, upon which the court rendered judgment. The company appealed.

The facts are in substance as follows: On October 3, 1906, Barnes got upon a street car of appellant near the courthouse on Vermilion street in Danville to go to his home, about a mile north from the point where he entered the car. As the car approached the tracks of the C., C., C. & St. L. Railway Company, which it had to cross on the way, it stopped in the usual manner for the conductor to go ahead to ascertain if he had a clear track. The conductor found the way clear and signaled the motorman to come ahead, whereupon the motorman applied the power to proceed across the tracks but just as his car got upon the railroad crossing the power failed and the car came to a stop. A locomotive was standing upon the railroad tracks near by waiting for a signal to cross the street and street car tracks. When the motorman found his power was cut off and that his car was upon a track upon which a locomotive was likely to pass, he left his car

with appellee and another passenger upon it without throwing his controller fully around so as to completely shut off the current if any there should be on the trolley wire, and called upon the passengers to aid in shoving the car back toward the south end off the railway tracks. Appellee, who was somewhat deaf, and who claims he did not hear the request of the motorman, and one other passenger remained upon the car while the motorman and others pushed the car far enough south to free it from the railway crossing. Just at that time the locomotive, which had a clear track, started westward slowly across the street and appellant's track, when power was returned to the trolley wire. The controller not having been fully shut off and there being no one on the car in charge of the controller the car shot forward and a collision took place which resulted in an injury to appellee for which he seeks to recover.

Appellant first contends that upon the facts it is not guilty of negligence; that under the circumstances and in view of the excitement shown to exist the appellant should not be held responsible because the motorman failed wholly to throw off his controller. In Union Traction Co. v. Newmiller, 215 Ill. 383, the court say: "Where an injury occurs to a person who is a passenger in the exercise of ordinary care upon the car of a common carrier by some defect in the machinery wholly under the control of the carrier, a *prima facie* case of negligence on the part of the carrier is established and the burden of proof is upon it to show that the accident was without its fault;" and the maxim "*res ipsa loquitur*" was held to apply.

In the case before us the controller was under the exclusive care of the motorman, whose duty it was to see that it was wholly disconnected if he purposely or voluntarily left it for any purpose, and he was not released from that duty by reason of the fact that the surroundings were such that great care was essential to avoid danger. The maxim *res ipsa loquitur* applies

and appellant's contention upon this feature of the case is without merit.

Appellant next insists that appellee was not in the exercise of due care and caution for his own safety in remaining upon the car after nearly all the other passengers had left the car and after the conductor and motorman had requested help to move or push the car from its dangerous or exposed position.

Whether or not appellee was in the exercise of ordinary care was a question of fact for the jury. C. & A. R. R. Co. v. Harrington, 192 Ill. 9. We find nothing in this record to show that appellee was in any way guilty of a want of due care. He was where he had a right to be as a passenger. He could assist or not as he pleased in helping to move the car, and he had a right to presume that the motorman who had left his controller had fully cut it off from its connection with the trolley before he left it. The jury by their verdict have found that appellee was in the exercise of due care and their finding in this respect is in accord with the evidence.

Appellant next contends that there is no evidence in the record to show that the appellant company operated the line of street railway in question or that Barnes paid his fare as a passenger upon the car involved. Appellant filed the plea of not guilty only, and it was therefore unnecessary for appellee to offer testimony to the effect that at the time of the injury appellant was operating the street car line mentioned in the declaration. Such a matter was impliedly conceded in the absence of a special plea denying it. McNulta, Receiver of Wabash R. R. Co., v. Lockridge, 137 Ill. 270.

Nor was it necessary to prove that appellee had in fact paid his car fare in order to constitute the relation of carrier and passenger. Such a contract may be implied from slight circumstances and it need not be actually consummated by the payment of fare.

West Chicago Street R. R. Co. v. Manning, 170 Ill. 421; Fring v. Schroyer, 18 Ill. 416.

Complaint is next made by appellant that there was error in the ruling of the trial court in the admission of evidence upon the part of appellee. The allegation in the declaration in respect to damages in addition to the claim for the physical injuries, pain, bodily suffering and medical care was in the following words: "and plaintiff was hindered and prevented from transacting his ordinary business and affairs." Upon the trial his attorney asked appellee this question: "What was your services, just prior to this time, fairly and reasonably worth?" To which objection was made by appellant and exception saved to the action of the court in overruling the objection. Appellee answered by saying that his services were worth $130 per month and that he had lost about ten weeks time, etc.

Appellant contends that this ruling of the court was error upon the ground that the damages sought to be described by the witness were special damages and could not be recovered under the allegation in the declaration above quoted and relies largely upon the case of Wabash Western Railway Co. v. Friedman, 146 Ill. 583, in support of that claim. In that case the trial court permitted the plaintiff, over objection, to prove in substance that he had a contract of employment under which he was to receive $3,000 per year. On appeal the Supreme Court held that in the absence of an allegation in the declaration that plaintiff had a special contract or engagement, such evidence was incompetent. This case does not seem to us to be decisive of the point now under consideration. The question here complained of was not what special contract or engagement appellee had which he could not keep because of his injuries but what his services were reasonably and fairly worth at the time of the injury. This question did not call for a statement of loss of profits or earnings upon any particular engagement.

In North Chicago Street R. R. Co. v. Brown, 178 Ill. 191, the rule upon this subject is stated to be as follows: "The rule deducible from the cases in this state is that in order to recover compensation for inability to work at the plaintiff's ordinary and usual employment or business, all that is necessary in the declaration is the general averment of such inability, caused by the injury, and consequent loss and damage, and that proof of his particular employment or business and of his ordinary wages or earnings therein, is admissible in evidence under such general averment, but that when it is sought to recover loss of profits or earnings that depend upon the performance of a special contract or engagement then these special and particular damages and the facts on which they were based must be set out in the declaration." This case was cited with approval by the court in Ill. Steel Co. v. Ryska, 200 Ill. 285, where it was held not to be error to allow appellee in that case to testify as to what wages he was receiving at the time of his injury without an allegation of special damages in the declaration. The question was not subject to the objection specifically urged by appellant.

Appellant further contends that there was error in the giving and refusing of instructions by the trial court, but a review of the instructions given satisfies us that the jury were fairly and fully instructed upon every material feature of the case, and that the instructions tendered by appellant which the court refused to give were properly refused as either stating matters already given to the jury in other instructions or as being misleading and argumentative.

Other errors have been assigned which we do not deem of sufficient merit to warrant the extending of this opinion, especially in view of the fact that the liability of appellant seems to have been fairly established by the evidence and in view of the further fact that appellee's injuries were of such a character that the damages awarded were not excessive.

We find no prejudicial error in this record and the judgment is affirmed.

*Affirmed.*