MERCHANTS' & MINERS' TRANSP. CO. v. ROBINSON–BAXTER–DISSOSWAY TOWING & TRANSPORTATION CO. et al. GENERAL CHEMICAL CO. v. MERCHANTS' & MINERS' TRANSP. CO. et al. MERCHANTS' & MINERS' TRANSP. CO. v. GILDERSLEEVE et al.

(Circuit Court of Appeals, First Circuit. February 8, 1912.)

Nos. 920–922.

1. COURTS (§ 405*)—FEDERAL COURTS—APPEAL—REHEARING.

The strict practice in the federal appellate courts permits a petition for rehearing to contain only a brief suggestion of the points sought to be raised without argument. Public Schools v. Walker, 9 Wall. 603, 19 L. Ed. 650.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1103; Dec. Dig. § 405.*]

2. ADMIRALTY (§ 118*)—REVIEW—QUESTIONS OF FACT.

An appellate court in an admiralty case, while required to give effect to its own judgment on questions of fact, where the evidence is conflicting, or where it is necessary to determine the preponderance to be given to one series of facts over another, may nevertheless give weight to the opinion of the District Court, and follow it when it is impossible to say that a contrary finding would be more likely to be correct.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 758–775, 794; Dec. Dig. § 118.*]

On petitions for rehearing. Denied.

For former opinion, see 191 Fed. 769.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. In two appeals growing out of the collision between the Powhatan and a barge, in which our opinion was passed down on November 29, 1911, there have been two petitions for rehearing, one by the Powhatan in No. 920 and No. 922, and one by the Towing & Transportation Company in No. 921.

[1] The practice with reference to such petitions is clearly pointed out in Public Schools v. Walker, 9 Wall. 603, 604, 19 L. Ed. 650, in the following language:

"Where the court does not on its own motion order a rehearing, it will be proper for counsel to submit without argument, as has been done in the pres-

---

ent instance, a brief written or printed petition or suggestion of the point or points thought important. If upon such petition or suggestion any judge who concurred in the decision thinks proper to move for a rehearing, the motion will be considered. If not so moved, the rehearing will be denied as of course."

Thus the practice requires and only permits a brief suggestion of matters in which the court may have erred or which it may have overlooked, and where, on mere presentation, the court desires further consideration. The rehearing, properly speaking, occurs only after the petition has been filed and allowed, and the rehearing directed. The parties have in these cases anticipated and submitted briefs which are proper only after a rehearing is allowed, consisting on one appeal of 47 pages and on the other of 7 pages, going over practically the main questions involved in the original hearing.

[2] We have discovered two matters in the petition of the Powhatan which seem desirable to notice, although there is nothing in either of them which renders it necessary that we should do so. The petition undertakes to give special effect to the observations in the opinion in The Ariadne, 13 Wall. 475, 479, 20 L. Ed. 542, as to the weight to be assigned to the decisions of courts appealed from. These observations are in no sense a surprise; they were fully considered and explained by us in The Columbian, decided on April 12, 1900, 100 Fed. 991, 996, 41 C. C. A. 150. We have several times since considered the rule to which The Ariadne relates, and the modifications of it in later expressions of the Supreme Court, to the effect that it is only when two tribunals below concur that there is a strong presumption in favor of the combined authority.

Nevertheless, with qualification, the old rule always stands. This is illustrated in The Columbian by implication by the statement that a finding by the District Court alone will be followed by us, when "it is impossible to say" that a finding contrary to that of the District Court would be more likely to be correct. It is absurd to say that the decision of the District Court has no weight whatever on appeal, where the case is one of disputed facts, or one of the preponderance to be given to a series of facts on each side, even though there is no dispute as to their existence, and cannot be, but only a difference of opinion as to which mass of facts should preponderate. In our principal opinion we weighed the facts against each other; and the result certainly is that we cannot say that we are more likely to be satisfied with a conclusion, if we should reach it, different from that of the District Court. We carefully weighed the whole case; and it is nonsense to maintain that we abdicated the performance of the duty which the law imposed on us by declining to give our own opinion judicial effect.

The other proposition made by the petition in behalf of the Powhatan relates to marshaling the damages between the Powhatan and the tug. We confess that we do not know what is meant by the petitioner. It is true, as it says, that "it may be possible to subject the owners of the Powhatan to the payment of the entire damages occasioned by this collision." That necessarily arises out of the settled rule of law that an innocent person injured is entitled to full damages

from each of several tort-feasors until full compensation is received. All we did was to undertake to protect the Powhatan, so far as possible, in accordance with the rule laid down in The Sterling, 106 U. S. 647, 1 Sup. Ct. 89, 27 L. Ed. 98.

The only point in the cross-petition for rehearing is a new attempt to make some use of Wager v. Providence Insurance Company, 150 U. S. 99, 14 Sup. Ct. 55, 37 L. Ed. 1013. Whether that case merely affirmed some preceding cases, or merely redecided what had before been decided, is of no particular consequence, and is purely a verbal criticism, although the court so far explained the law of the previous cases that it may be well to regard it as something more than a mere reaffirmation. We made no use of the case, and only laid it aside. We could not have laid it aside if the court had affirmed the decision in the Second Circuit to which it referred, or gone beyond holding that, as an appeal had not been perfected, that decision was conclusive for certain purposes. At any rate, it would take a very positive decision of the Supreme Court, squarely in point, to satisfy us that, with regard to the law of insurances, a person was not the insured who has expressly paid for insurance indorsed in any way on a policy to whom it might concern; although it is no doubt true that there may be cases where the insurance is covered into the freight in such a way that positive rights cannot be ascertained as clearly as they are ascertainable here. We will simply add further that, on propositions so clear as those before us to which this petition relates, we are concerned only with what the Supreme Court did in fact decide, and are not concerned with what it might have decided, if it had gone further than it did.

Ordered in each case that the petition for a rehearing is denied, and that the mandate issue forthwith.