## THE NONPAREIL.

### THE CENTRAL STATES.

District Court, S. D. New York.

Nov. 1, 1935.

For original opinion, see 12 F.Supp. 306.

Slayton & Jackson and G. Noyes Slayton, both of New York City, for libelant.

Burlingham, Veeder, Clark & Hupper and Stanley R. Wright, all of New York City, Proctors for claimant.

PATTERSON, District Judge.

The libelant's crane, while in tow by the tug Central States, collided with the tug Nonpareil. The libelant brought libel in rem against both tugs. At the trial it was proved that the collision was the result of fault on the part of the two tugs, the libelant's crane being innocent.

The interlocutory decree was that the libelant recover its damages from the tugs Nonpareil and Central States, their claimants and stipulators, and the cause was referred to a commissioner to report as to the amount of damages. After the report came in, final decree was entered to the effect that the libelant recover $1,713.56 from the tugs Nonpareil and Central States, their respective claimants and stipulators, and from the respondents Mutual Towing Company, Inc., and Mathiasen Towing Line, Inc.

Motion is now made by the claimant of the Nonpareil to amend the final decree so as to give the libelant recovery for only one-half damages against the Nonpareil and the Mutual Towing Line, the remaining half to be recovered from the Central States. Attention is directed to the fact that no process was ever issued against the Central States, that the libelant never got a stipulation for value as to that tug, and that during the pendency of the suit the tug was sold at marshal's sale free and clear of liens. It is claimed that these facts render unjust the collection of the full amount from the Nonpareil or its owner.

The tow having been damaged by the fault of the towing tug and that of another vessel, and being itself innocent, it is the recognized rule that the owner of the tow is entitled to full indemnity, whether from one or both wrongdoers, but as between the latter the burden of damages is divided. Where both wrongdoers are before the court and each is able to respond for his one-half, the innocent party will recover only one-half against each. The proper decree in such a case is against both guilty vessels, each for one-half of the damages, with a provision that any balance of the one-half not collectible from one may be collected from the other. The Alabama and The Game Cock, 92 U.S. 695, 23 L.Ed. 763; The Virginia Ehrman and The Agnese, 97 U.S. 309, 24 L.Ed. 890; The Sterling and The Equator, 106 U.S. 647, 1 S.Ct. 89, 27 L.Ed. 98. The final decree in this case did not follow this form, and it will be amended accordingly.

The fact that no lien was perfected on the Central States and no stipulation for value exacted does not take the case out of the general rule, even though the means of enforcing the decree out of that tug has been lost because of the omission. The libelant might have ignored the Central States altogether, sued the Nonpareil alone, and recovered from it in full. The Atlas, 93 U.S. 302, 23 L.Ed. 863. In such case the Nonpareil, of course, might have brought in the Central States. But so in the actual event might it have caused process to have been issued against the Central States, to make more certain the latter's availability for satisfaction of decree. The argument that the libelant by suing the Central States assumed an obligation of obtaining security against that vessel cannot be accepted. The point was decided squarely in The F. W. Vosburgh, 93 F. 481 (D.C.N.Y.). There is nothing to indicate collusion between the libelant and the owner of the

Central States. It would be unjust therefore to amend the decree so as to limit the liability of the Nonpareil in all events to one-half the damages.

The decree will be amended to the extent indicated in this opinion. In other respects the motion is denied.