GIBBS *against* DEWEY.

In slander, the plaintiff declared, in the first count, that he was a witness for the prosecution upon a certain trial of an indictment against the defendant, who was acquitted ; and that the defendant said of him, " I should have got clear of the charge without the jury's going out of the box, if old Gibbs (the plaintiff) had not handed papers to John Wilson, (one of the jurors) to influence the jury ; and he run away, or the judge would have shut him in prison, where he could not have got out in one week." In the 2d count the words were thus laid : " Gibbs handed papers to influence or bribe the jury :" In the 5th, " He (the plaintiff) handed papers to influence or bribe the jury :" In the 11th " He (the

To say of a man who was a witness, he handed papers to a juror, to influence the jury or to influence and bribe the jury is slanderous, as amounting to a charge of embracery.

Embracery is an attempt by either party, or stranger to corrupt or influence a jury, or to incline them to favor one side by gifts or promises, threats or persuasions, or by instructing them in the cause or any other way, except by opening and enforcing the evidence by counsel at the trial, whether the jurors give a verdict or not, and whether the verdict be true or false.

On a general verdict for the plaintiff, if one count be bad, judgment will be arrested.

To render words actionable, they need not be stated with the same certainty as in an indictment. If the words stated import a crime in their natural and ordinary signification, it is enough.

Any attempt by a witness, to influence a jury in any other way than by the open delivery of his testimony, is improper ; and, in judgment of law, corrupt.

A witness has no right to deliver a paper to the jury, without the direction of the court.

NEW YORK,
May, 1826.

Gibbs
v.
Dewey

NEW YORK,
May, 1826.

Gibbs
v.
Dewey.

plaintiff) handed papers to influence or bribe the jury to bring him (the defendant) in guilty :" In the 12th, " Gibbs handed papers to influence or bribe the jury."

A general verdict being for the plaintiff on these, and other counts, confessedly good, a motion was now made in arrest of judgment, on the ground that the words in the first count do not import any crime ; and that those in the 3d, 5th, 11th and 12th counts, do not positively impute any crime, but are in the disjunctive : " to influence or bribe the jury ;" and, for aught that appears, the plaintiff might innocently have influenced the jury ; that the charge of handing papers, as in the 11th and 12th count, does not amount to the imputation of a crime. It is neither a charge of bribery nor of corrupt influence over, or a corrupt attempt to influence the jury.

*S. Sherwood,* for the defendant, cited 3 Bac. Ab. 384 ; Co. Lit. 369, a ; 4 Bl. Com. 140 ; 1 Hawk. P. C. 548, ch. 85, s. 1 ; 1 R. L. 334, s. 26 ; 6 T. R. 691 ; 6 East, 427 ; 1 Caines, 347.

*L. Monson,* contra, cited, Starkie on Slander, 266 ; 4 Bl. Com. 140 ; 1 R. L. 174 ; Co. Lit. 369 ; Jac. L. Dict. 369 ; 1 Saund. 301-2 ; 2 East, 14. 16 ; 5 Day's Rep. 272-3-4, 3 id. 309 ; 1 Russell on Crimes, 277 ; Hawk. P. C. ch. 85, s. 2 ; 7 John. 360 ; 12 id. 240 ; 13 id. 48.

*Curia,* per SUTHERLAND, J. Embracery is defined to be, an attempt by either party, or a stranger, to corrupt, or influence a jury, or to incline them to favor one side by gifts or promises, threats or persuasions, or by instructing them in the cause, or any other way, except by opening and enforcing the evidence by counsel at the trial, whether the jurors give a verdict or not, and whether the verdict be true or false. (3 Bac. Abr. 785. 1 Hawk. P. C. ch. 85. Co. Litt. 369.) And it is an offence at common law, as well as by statute, (id. 1 R. L. 174, 334 ; 4 Bl. Com. 140,) and punishable by fine and imprisonment.

The colloquium shows that the plaintiff was a witness upon the trial of an indictment against the defendant ; and

that the words alleged to have been spoken by the defen-
dant were spoken of the plaintiff in relation to his conduct
as a witness upon that trial.

The jury found a general verdict for the plaintiff; and
if any of the counts are bad, the motion in arrest of judg-
ment must prevail. (6 T. R. 691.   1 Caines, 347.   3 Cow-
en, 231.)

It is not necessary, in order to render words actionable,
that there should be the same certainty in stating the crime
imputed, as in an indictment for the crime.   If the words
spoken, in their natural and ordinary signification, import a
criminal charge, it is sufficient to render them actionable.
(8 John. Rep. 74.   13 id. 48.)

The substance of the first count is, that the defendant
charged the plaintiff with having handed papers to one of
the jurors (on the trial alluded to in the colloquium) to in-
fluence the jury; and that he ran away, or the judge would
have put him in prison for it.   It is objected to this count,
that the attempt to influence the jury is not alleged to have
been corrupt; and does not, therefore, amount to a crime
punishable by indictment.   Any attempt by a witness to
influence a jury, in any other way than by the open deliv-
ery of his testimony, is improper; and, in judgment of law,
corrupt.   A witness has no right to deliver any paper to
the jury, without the direction of the court.   The act is as
criminal in a witness, as it would be in a by-stander.
There can be no doubt of the intention of the defendant to
charge the plaintiff with the commission of a criminal act;
and the terms used by him necessarily import a charge of
that character.

The 3d, 5th, 11th and 12th counts are objected to, on the
ground that they do not positively impute to the plaintiff
the commission of any offence; the charge being, that the
plaintiff handed papers to the jury to *influence* or bribe them.
It is evident that these terms were intended to convey the
same idea.   The connexion shows it.   To influence a
jury, by handing them papers, and to *bribe* them, by
handing them papers, are synonymous expressions, when
applied to an individual who had no right to interfere

with the jury at all. The expression, that a man bribed a jury by handing them papers, if standing alone, would not be understood as conveying a charge of bribery, in its ordinary signification; but simply as imputing to him the offence of improperly attempting to influence them, through the medium of the papers thus handed to them. It is, therefore, as here used, a species of tautology; a mere repetition, in terms perhaps somewhat stronger, of the previous charge. There is, then, no uncertainty in the charge contained in these counts; and the words are clearly actionable, for the reasons already signed in relation to the first count. The motion in arrest must be denied.

Motion denied.