## THE CITY OF CHICAGO

### *v.*

## W. W. CROSBY.

*Filed at Springfield September 27, 1884.*

SIDEWALKS—*penalty upon owner for failure to make repairs.* A city can not, by ordinance, prescribe a fine or penalty to be imposed on the owner or occupant of a lot for a failure to repair the sidewalk in front of the same. Keeping sidewalks in repair is referable to the same power as for constructing new improvements, and can not be required to be done by the abutting owner or occupant, at his own expense, either by the exercise of the police power, or by fines and penalties prescribed by ordinance, or by direct legislative action.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Criminal Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

This action was brought by the city of Chicago, against W. W. Crosby, before a justice of the peace, to recover a penalty, under a city ordinance, for a failure to repair a sidewalk in front of premises owned by him, and which was a part of the public street. On the trial in the justice's court the issues were found for defendant, and judgment was rendered against plaintiff for costs. The case was taken to the Criminal Court of Cook county, on the appeal of the city, and was there submitted to the court for trial on the following agreed and stipulated facts: First, that the defendant is and was, on and prior to the date hereinafter mentioned, the occupant of the premises known as No. 27 Kingsbury street, in the city of Chicago; second, that on and previous to the 18th day of February, 1884, the sidewalk in front of said premises became and continued to be so broken and damaged as to endanger the life and limb of passers by; third, that said sidewalk is a part of one of the public streets or highways of said city; fourth, that said defendant was notified by an officer of said city to repair said sidewalk, but that said defendant failed and refused so to do, denying his liabilities to make such repair; fifth, that said defendant notified said city of the broken sidewalk, but that said city failed and refused to repair the same, on the ground that said sidewalk should be repaired by said defendant at his own expense; sixth, that on and previous to said 18th day of February, 1884, there existed in said city the following ordinance, duly passed, approved and published, to-wit:

"Any person who shall keep or leave any cellar door or grating of any vault on any highway or sidewalk, or suffer the same to be left or kept open, or who shall suffer any sidewalk in front of his premises to become or continue so broken as to endanger life or limb, shall be subject to a fine of not exceeding fifty dollars in every case."

No question was raised, on the trial, of the malfeasance of either party. The city did not claim that the damaged con-

dition of said walk was caused by the act of the defendant, nor did the defendant claim that the same was caused by any act of the city, both parties admitting that the damage had occurred in the natural course of things, and the sole question tried and decided was upon whom the law casts the duty of restoring the good condition of said walk. On the trial in the Criminal Court the issues were again found for defendant, and judgment rendered against the plaintiff. That judgment was affirmed in the Appellate Court for the First District, and a majority of the judges of that court having certified the case involved questions of law of such importance, on account of principal and collateral interests, as that it should be passed upon by the Supreme Court, the city brings the case to this court on its further appeal.

Mr. Geo. Mills Rogers, and Mr. M. R. M. Wallace, for the appellant.

Messrs. C. C. & C. L. Bonney, and Mr. Lyman Paine, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

This case comes precisely within the principle of *Gridley* v. *City of Bloomington*, 88 Ill. 557, and must be controlled by it. It was held in that case: "Keeping streets and sidewalks in repair and free from obstructions that impede travel or render it dangerous, is referable to the same power as for constructing new improvements. The sidewalk, as was declared in the case cited, is as much a public highway, free to the use of all, as is the street itself, and upon principle it follows the citizen can not be laid under obligation, under our laws, to keep it free from obstruction in front of his property, at his own expense, any more than the street itself, either by the exercise of the police power, or by fines and penalties imposed by ordinance, or by direct legislative action." Other

cases in this court declare the same general doctrine. *City of Ottawa* v. *Spencer*, 40 Ill. 213; *Carter* v. *City of Chicago*, 57 id. 286; *City of Chicago* v. *O'Brien, (ante,* p. 532.) There are, no doubt, cases in other courts that declare a different rule, but they are not applicable to cases arising under the constitution and laws of this State. The rule established on this subject by the cases in this court has stood so long, it would not be wise now to adopt any other, even if it could be done under the constitution and existing laws.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

CRAIG and SHELDON, JJ., dissenting.