# THE UNITED STATES ROLLING STOCK COMPANY
## v.
## GEORGE P. CHADWICK.

*Master and Servant—Negligence of Master—Dangerous Machine—Personal Injury—Assumption of Risk—Pleading — Evidence—Instructions.*

1. If the plaintiff in a given cause recover a verdict upon a declaration containing any good count, with evidence applicable to it, and correct instructions as to the hypothesis upon which he may recover, the verdict can not be disturbed because of a faulty count; but if the evidence be only such as sustains the faulty count, or if the instructions, either by reference to, or recapitulation of the averments of such count, put the right to recover upon the basis, among others, of such faulty count being proved, then, unless the justice of the verdict upon the whole case be clear, the same should not be allowed to stand.

2. Where several counts in a declaration, all good, are referred to by the instruction for the plaintiff, and there is a lack of evidence as to one or more, it devolves upon the defendant to call the attention of the jury to the different allegations of the several counts if he chooses so to do.

3. In an action brought by an employe to recover for a personal injury alleged to have been occasioned by his employer's negligence in failing to provide proper machinery and appliances, this court holds, it not appearing upon what ground the same was based, that the verdict for the plaintiff can not stand.

[Opinion filed March 10, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. PLINY B. SMITH, for appellant.

Messrs. BRANDT & HOFFMAN, for appellee.

GARY, P. J. Taking the facts of this case to be just what the appellee represented them to be, he worked for the appellants, running a circular saw, for three months next preceding July, 1887. Then, by accident, a wheel, which was a part of the machinery connected with the saw, was broken, and another put in its place, larger than the former one, changing the action of the machine. He then resumed work at the saw, saying that he thought it would not work; but the foreman told him to work with it until another could be got— would replace as soon as they could; were behind with the work and waiting. And on this order he began work, and in about half an hour his eye was put out by a block thrown by the saw.

It is not made so clear by the whole evidence that there was such a change of wheel, and that the injury of the appellee was a result thereof, that serious errors in the record can be disregarded on the ground that justice is done. Without comment upon the second, fifth and sixth counts of the declaration, it is sufficient for the presentation of the question to be decided to say that the first, third and fourth counts proceed upon the charge that the appellants were neglectful of their duty as to the appurtenances of the saw as it was originally, and that injury to the appellee was a consequence of that neglect. But even if that charge were well founded,

the appellee had three months' experience with the machine before he was injured, and knew its construction and operation. Having this knowledge, he worked at the machine at his own risk. This law is familiar, and Camp Point Mfg. Co. v. Ballou, 71 Ill. 417, is enough authority to cite upon it.

The particular defects charged in those counts were in having no guard behind the saw to keep blocks away from it, nor shield in front to prevent them from being thrown against the operator of the machine. If these were defects their existence was obvious at the first glance. The saw itself swung under a table, and moved through the timber being sawed, which remained stationary. There was no evidence that saws working in that manner were ever furnished with such guard or shield, although such saws were in common use. The count did not aver that the appellee did not know of the alleged defects. Griffiths v. London, etc., Law Rep. 13, Q. B. 259.

The second instruction for the appellee was: "The jury are instructed that it was the duty of the defendant to furnish the plaintiff reasonably safe machinery to work with; and if the jury believe from the evidence that the defendant did not do so, but was guilty of negligence in that regard, as charged in the declaration, and that the plaintiff was in the exercise of ordinary care, and was, without negligence on his part, injured by negligence of the defendant as charged in the declaration, then the jury should find the defendant guilty."

The phrase " guilty of negligence in that regard, as charged in the declaration," is distributive, and if the appellants were guilty as charged in any one count they were guilty as charged in the declaration.

Under that instruction, and evidence on the part of the appellee as to the manner in which such a guard and shield might have been placed on the machine, the jury were warranted in finding, if they believed such evidence, for the appellee, on the counts upon which the appellee had no title to recover. At common law judgment would be arrested if there was a general verdict for the plaintiff upon a declaration of several counts, any of which were bad. Gibbs v. Dewey, 5 Cow. 503; Holt v. Scholefield, 6 D. & E. 691.

This is changed by statute, Sec. 57, Practice Act. Snyder v. Gaither, 3 Scam. 91. The defendant may ask the court to instruct the jury to disregard the faulty counts. Sec. 50, Practice Act; Frink v. Schroyer, 18 Ill. 416. And only in that way can he raise the objection. Anderson v. Semple, 2 Gilm. 455. If, therefore, the plaintiff recover a verdict upon a declaration containing any good count, with evidence applicable to it, and correct instructions as to the hypothesis upon which he may recover, the verdict can not be disturbed because of a faulty count; but if the evidence be only such as sustains the faulty count, or if the instructions—either by reference to or recapitulation of the averments of such count—put the right to recover upon the basis, among others, of such faulty count being proved, then, unless the justice of the verdict upon the whole case be clear, there must be a new trial.

Where several counts, all good, are referred to by the instruction for the plaintiff, and there is a lack of evidence as to one or more, it is held in H. & St. J. R. R. Co. v. Martin, 111 Ill. 219, that it devolves upon the defendant to call the attention of the jury to the different allegations of the several counts, if he chooses so to do, and that case is applied and followed here, in L. S. & M. S. Ry. Co. v. Johnson, 35 Ill. App. 430.

Upon what ground the jury found for the appellee can not be known, but from the whole record it is as probable that the verdict is based upon the state of facts alleged in the counts upon which he has no right to recover, as otherwise, and therefore there must be a new trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*