ZJEDNOCZENIE, ETC.,

v.

MARCIN SADECKI.

*Life Insurance—Mutual Benefit Associations—Pleading—Proposition of Law—Arrest of Judgment.*

1. Common counts are appropriate in a given action, only when the defendant has received, in some form, the equivalent of the money which he is called upon to pay. When his obligation to pay rests only upon his non-

performance of his promise, however good the consideration for the promise, the declaration must be special; but however special the contract, not under seal, if the plaintiff has performed it, and the defendant received under it the benefit for his own use, in general some common count will suffice.

2. An allegation of duty is surplusage. If no facts from which the law will imply the duty are set out, the allegation will not help; if such facts are set out, it is unnecessary. That the duty arises out of the contract does not change the rule.

[Opinion filed July 30, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. WINDES & SULLIVAN, for appellant.

Messrs. WALKER & JUDD, for appellee.

GARY, J. The appellant is a Polish Roman Catholic benevolent society, whose whole name contains seven words, of which the one in the title above written is a specimen.

The appellee's declaration in assumpsit alleges that he was a member in good standing, of a subordinate lodge, forming part of the society; that by the laws of the society it is its duty to collect assessments from the subordinate lodges and pay the proceeds to its members on the death of certain relatives; that two of the by-laws of the subordinate lodge are as follows:

"XIV. In case of death of a person or member of the union, his family shall receive the whole sum of the death fund, the amount of which the union shall decide every year.

"XV. In case of the death of the wife of any member of the union, the husband shall receive one-half the sum of the death fund, the amount of which the union may have fixed in each year."

That during the year 1888, it was decided by the appellant that the death fund should be $600; and that the amount to be paid to any member upon the death of his wife should be $300; that the wife of the appellee died, and that the appellant promised to pay him $300 in consideration of the premises, when requested, etc.

Common counts are added, but they are useless. They are appropriate only when the defendant has received, in some form, the equivalent of the money which he is called upon to pay. When his obligation to pay rests only upon his non-performance of his promise, however good the consideration for the promise, the declaration must be special. On the other hand, however special the contract, not under seal (and under the statute, perhaps if it is), if the plaintiff has performed it, and the defendant received under it, the benefit, for his own use, in general some common count will suffice. There is no evidence to support the common counts.

The special count is bad. An allegation of duty is mere surplusage. If no facts from which the law will imply the duty are set out, the allegation will not help; if such facts are set out, it is unnecessary. Brown v. Mallett, 5 M., G. & S. 57; Com. Law R. 598.

That the duty arises out of the contract does not change the rule. Buffalo v. Holloway, 7 N. Y. 492.

If the appellee has any cause of action, it grows out of a contract, of which the regulations of the appellant are evidence.

Here the consideration of the promise alleged, is the duty alleged, but the pleader has drawn his own conclusion that such a duty existed, and not shown any such state of facts as will imply its existence.

The by-laws relied upon are not alleged to be by-laws of the appellant, but of the subordinate lodge.

The by-laws quoted are in fact by-laws of the appellant, but by themselves do not prove the allegation of duty to collect from subordinate lodges, etc.

Another by-law of the appellant put in evidence by it is:

" In relation to the after-death fund, this body has no connection with individual members of branch societies. Its relations are with the branch societies to which said members belong."

There was a conflict of testimony whether the subordinate lodge had tendered to the secretary of the appellant the money for certain assessments upon the subordinate lodge, but no attempt to prove the allegation of duty to collect assessments

and pay the proceeds, by producing anything more of the organization of the society than the foregoing by-laws.

It is a reasonable inference from those by-laws, and from the fact that there was a dispute about the tender, that in some way undiscovered, the "death fund" is provided for by assessment, but the by-law providing that the appellant has no connection with individual members of branch societies as to the death fund, by itself cuts off the claim of the appellee upon the appellant.

At the close of the evidence the appellant presented this proposition:

"That there is no evidence in this record of any contract between the plaintiff and defendant, and that there is not sufficient evidence of any obligation on the part of the defendant upon which to base a finding for the plaintiff." That can not be called a proposition of law under the statute, but it was true, and the finding should have been for the appellant.

The appellant moved in arrest of judgment, and assigns for error the denial of that motion. The common counts in the declaration prevent that motion and assignment from being available. United States R. S. Co. v. Chadwick, 35 Ill. App. 474.

The insufficiency of the declaration is commented upon with reference to future proceedings.

We find in the record a pamphlet, from which the two by-laws quoted in the declaration are put in evidence, but the residue of the pamphlet is not; if we were at liberty to read the whole of it, we perhaps might find that if the relations between the subordinate lodge and the appellant have been maintained, the appellee may have a good cause of action against the appellant. If he has, his pleading must be better and his evidence more complete than his record shows, to enforce it.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*