## Rockford City Railway Co. v. Matthews.

1. PLEADING—*Ordinances—Judicial Notice.*—Where the fault of a party is alleged to consist in not complying with the ordinances of a city prescribing a duty, etc., the ordinances must be set out in the declaration or the court can not take judicial notice of them as a part of the pleadings.

2. RAILROAD COMPANIES—*Accepting Grant for the Use of a Street—*

*Duty, etc.*—If a corporation accepts a grant from a city of the right to use the street in a special manner, and the grant is burdened with a duty, which it neglects to perform, and an injury results, the corporation is responsible for the consequences of its neglect of that duty; but for the non-repair of a street in which it has a special privilege, it is not liable, by reason of its having such special privilege.

**Memorandum.**—Action to recover for personal injuries. In the Circuit Court of Winnebago County; the Hon. JAMES H. CARTWRIGHT, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff. Defendant appeals. Heard in this court at the March term, 1893. Reversed and remanded. Opinion filed April 12, 1893.

The statement of facts is contained in the opinion of the court.

GARVER & FISHER, attorneys for appellant.

L. L. MORRISON, attorney for appellee.

OPINION OF THE COURT, GARY, P. J.

This appeal comes to this court by consent of the parties under the 16th section of the act of June 2, 1877, establishing appellate courts.

The appellee sued for injury, which she alleged she sustained in consequence of the defective condition of a street crossing at a place where two streets cross each other, in the city of Rockford, along one of which streets the track of the appellant lay.

The evidence is such that if there were no error of law in the case it would be difficult to justify the verdict of the jury; but the view we take makes it unnecessary to go into the evidence to any considerable extent.

It is only necessary to say that from the whole evidence, the verdict of the jury may have been on the theory that the appellee stepped into a hole by the side, but outside of the track; or upon the theory that in stepping over the rail, on one side of the track, she struck her left foot against the rail, or the stringer on which it was laid.

The fault of the appellant is alleged to consist in not com-

plying with ordinances of the city of Rockford, as to the duty of the appellant with reference to its track and the street where it was laid. These ordinances are not set out in the declaration, and the court could not take judicial notice of them. Chicago W. D. Ry. v. Klauber, 9 Ill. App. 613.

And the allegation that by virtue of the ordinances it was the duty of the appellant, etc., is of no avail. Same case, and Zjednoczenie v. Sadecki, 41 Ill. App. 329; Chicago C. B. Co. v. Milton, Ibid. 154. " The pleader must state facts from which the law will raise the duty." Ayers v. City of Chicago, 111 Ill. 406.

But there was no motion in arrest of judgment below, nor is there any assignment of error here, that directly raises the question of the sufficiency of the declaration. Had there been a motion in arrest, an amendment might have been allowed even after verdict. Stearns v. Reidy, 33 Ill. App. 246.

The most important question in the case is whether an ordinance of the city, of June 27, 1881, which prescribed that it shall be the duty of the company to keep in good repair one foot outside of the track, where the track is in the street, is in force.

The part of the section of that ordinance which imposed the duty, is as follows :

" Sec. 3.   Said company shall maintain the same in such manner as to permit the free use of the street on each side of said tracks, and the crossing of vehicles over, along and upon the same, with the least practicable obstruction, and so as not to interrupt the free flow of water on the side and cross gutters.   And where said track is in the street, it shall be the duty of the company to keep in good repair the space between the tracks, and between the tracks when double, and for one foot outside of each track, and the company shall work with the city authorities to maintain the mutual rights and conveniences of the city, citizens and company in the use of the streets.   In all streets reduced to grade the track shall be laid on the same grade, and on un-

graded streets or parts thereof, the track may be laid as near as practicable on the existing surface; but when the city shall grade or change the grade of any street or part thereof, the company shall promptly remove or adjust its track so as to permit such grading to be done by said city with as little inconvenience as possible."

September 26, 1889, another ordinance was passed, parts of which are as follows:

"An ordinance authorizing the Rockford Street Railway Company to change the construction and operation of its road and to construct, maintain and operate by electric motive power, street railroads in the city of Rockford, and defining the powers and duties of said company.

"Sec. 1. Whereas, the Rockford Street Railway company had made application to the council for an ordinance to define and fix the manner, conditions and regulations under which said company shall obtain the right to change the construction and operation of its road upon the streets hereinafter mentioned from animal to electric motive power and to operate and maintain an electric street railway in said city,

"Therefore, be it ordained by the city council of Rockford, that consent, permission and authority is hereby given and granted to and vested in the Rockford City Railway Company and its successors and assigns to change the construction and operation of its road upon the portions of streets hereinafter mentioned, and to construct, maintain, occupy and operate for twenty years from the passage of this ordinance, upon the conditions hereinafter stated.

*       *       *       *       *       *       *

"Sec. 7. The rights and privileges herein conferred are granted upon the following express conditions, to wit:

"First. At any time before the city of Rockford shall have attained a population of thirty-five thousand, as ascertained by official census under the authority of said city, should said city elect to pave or otherwise improve the surface of any street or part of street or streets, along which said railway may run, said Rockford Street Railway Com-

pany shall, at the same time and at its own expense, pave
or otherwise improve the space within the rails of their
tracks, if but one, and the space within the rails of one of
their said tracks, if double, so that it shall specifically cor-
respond with the improvement of the street outside the rail
and tracks, and when such streets are so paved, said com-
pany need make no repairs thereon until the city shall have
attained the population aforesaid.

" Second.  When said city shall have attained a popula-
tion of thirty-five thousand, ascertained as aforesaid, and
said city shall at any time thereafter elect to pave, repave
or otherwise improve any street or part of street or streets,
along which said railway may run, said Rockford Street
Railway Company shall, at the same time and at its own
expense, pave, repave or otherwise improve the space or
spaces within its rails (but not the space between its tracks
when double), so that it shall specifically correspond with
the improvement of the streets outside the rails or tracks,
and thereafter keep and maintain such space or spaces in
good repair, whether within single or double tracks, switches
or turn-outs.

" Third.  On all streets not paved, said company shall at
all times keep in good repair and condition, by rubbling the
same, all portions of such streets as are within the rails of
its tracks, and such spaces within the rails shall be filled and
packed so as to make the same level with that portion of
the street adjoining the right of way.  Planking and cross-
ings removed by said company from the right of way, shall
be relaid so as to leave the same in as good repair as they
were before being removed."

     *     *     *     *     *     *

The eighth clause of the seventh ˥section required the
company to extend its lines, and a failure to do so worked a
forfeiture.

The eleventh section required the company to commence
the reconstruction of its road for the use of electric power
by the 15th of April, 1890, and operate all its lines by such
power within twelve months after the acceptance by the

company of the ordinance, and the fifteenth section required the company to file with the city clerk a written acceptance within ninety days.

Part of the sixteenth section is "that all ordinances or parts of ordinances in conflict with the provisions of this ordinance shall be repealed upon the filing of the acceptance of said company as provided in the foregoing section," with a saving of vested rights.

By their briefs the parties agree that the company accepted this ordinance as required by the fifteenth section.

We think it clear that so much of the ordinance of 1881 as related to the duty of the company, was, except as to past events, no longer in force after this acceptance by the company of the ordinance of 1889.

This last ordinance is what its title expresses it to be, an ordinance " defining the powers and duties of" the company.

The case of Devine v. Commissioners, 84 Ill. 590, is in point.

The injury to the appellee happened after the ordinance of 1889 was in force.

It is familiar law in this State, that the repairing of streets in a city is the duty of the city. Gridley v. City of Bloomington, 88 Ill. 557, followed in City of Chicago v. Crosby, 111 Ill. 538.

If a corporation accepts a grant from a city of the right to use the street in a special manner, and the grant is burdened with a duty, which it neglects, and injury results, the corporation would, no doubt, be responsible for the consequences of neglect of that duty, but for mere non-repair of a street in which it has a special privilege, it is not liable simply because it has such special privilege.

The first count is therefore bad, not merely because it alleges no facts from which the law will imply any duty on the part of the appellant as to the street, but because also it alleges, by implication, a duty which did not exist, viz., not to permit holes to remain in the street outside of and adjacent to its tracks, and bases the right to recover upon a

neglect of that duty. As before said, there was evidence from which the jury may have found that her injury was in consequence of stepping into a hole outside of the track.

One of the instructions for the appellant was:

"The court instructs the jury that if they believe the plaintiff has proven the averments contained in one of the counts of her declaration, she then is entitled to recover the damages for injuries proven under said count without reference to the averments contained in the remaining counts of her declaration."

This instruction justified the jury in finding for the plaintiff on the first count, which alleges the stepping into a hole outside the track, and is therefore error. Grand Tower, etc., v. Ullman, 89 Ill. 244.

In principle this case is the same as United States Rolling Stock Co. v. Chadwick, 35 Ill. App. 474, to which we refer for a more elaborate statement of reasons.

There are many other questions argued by counsel, but on another trial they may not arise.

The judgment is reversed and the cause remanded.