## Chicago North Shore St. Ry. Co. v. John McCarthy, Administrator.

66    667
d94   ²458

1. ORDINARY CARE—*What is Not an Exercise of.*—A person who attempts to cross a street car track on a bicycle in front of a rapidly approaching car, which is in plain sight, and but seventy-five feet away, is not in the exercise of ordinary care.

2. INSTRUCTIONS—*Should Apply Only to Good Counts of Declaration.*—It is error to instruct a jury that " if they believe the plaintiff has made out his case as laid in his declaration, then the finding must be for the plaintiff," when the declaration as filed contains counts upon which there could be no recovery.

**Trespass on the Case,** for personal injuries.   Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1896.   Reversed and remanded. Opinion filed November 19, 1896.

### STATEMENT OF THE CASE.

Appellee's statement of the facts of this case is in part as follows:

On Sunday morning, between the hours of ten and eleven o'clock of the 16th day of July, 1893, George B. McCarthy, deceased, was riding north on a bicycle, on the east side of Clark street, of the city of Chicago.   At that time one of the electric cars of the defendant company was running south on the said street in exactly the opposite direction. McCarthy started to cross the track from the east to the west side; as he did so the electric car, negligently operated by the servants of the defendant company, ran into him with great force and violence, collided with him and his bicycle, and his death immediately ensued.

The evidence upon behalf of the plaintiff tended to show that the accident occurred on Clark street, between Pratt avenue and Church road; that the electric car was running south about eighteen or twenty miles an hour; that at the time and just before the collision the motorman was flirting with a couple of girls seated on one of the rear seats of

his car, and that his head was turned toward the rear of the car; that the motorman just before the collision had been looking around at a girl seated about four seats back of where he was standing; that the deceased was first seen about two hundred feet south of the car on Clark street, riding north on a bicycle; that when the car was about seventy-five feet away, the deceased turned his bicycle diag-onally to the west to cross the street; that during all that time the car was running at the full rate of speed; no effort was made to stop the car, and no bell was rung, until after he turned to cross the street.

The declaration consisted of three counts, and the amend-ments to the declaration consisted of six counts. Demur-rers to the second and third counts of the original declara-tion were sustained, and no evidence was given under these counts. The sixth count of the amended declaration was withdrawn from the consideration of the jury, and no evi-dence was given under that count, so that the case went to the jury upon the first count of the original declaration and the first five counts of the amended declaration.

At the instance of the plaintiff, the jury was instructed as follows:

" 3.    If the jury find from the evidence that the plaintiff has made out his case as laid in his declaration, by a pre-ponderance of the evidence, then the jury must find for the plaintiff.

7.    If the jury believe from the evidence, that the de-ceased, while in the exercise of ordinary care, was injured by or in consequence of the negligence of the defendant, as charged in the declaration, or either one of the counts thereof, then you can find the defendant guilty."

There was a verdict and judgment for $4,000 for the plaintiff.

ALEXANDER CLARK, attorney for appellant.

CASE & HOGAN and ALLEN & ALLEN, attorneys for ap-pellee.

Niehoff v. People.

· MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

· A car going at the rate of twenty miles an hour will move seventy-five feet in about three seconds.

The deceased took a great risk in attempting to cross in front of a rapidly approaching car, when it was but seventy-five feet away. The car was in plain sight as he rode toward it, there was nothing to obstruct his view, and his attempt, under the circumstances, to cross in front of this car, was a failure to exercise ordinary care.

When a jury is instructed " that if they believe the plaintiff has made out his case as laid in his declaration, then the finding must be for the plaintiff," a fair presumption is that the jury, as it has a right, takes the declaration to its room when it retires to consider as to its verdict. Else how is it to know what is charged in the declaration?

In the present case, upon three of the counts of the declaration as filed, there could be no recovery. So far as appears, the jury knew nothing about the sustaining of a demurrer to two counts, or the withdrawal of a third.

It was error to instruct the jury as above set forth. Grand Tower Mfg. Co. v. Ullman, 89 Ill. 244; U. S. Rolling Stock Co. v. Chadwick, 35 Ill. App. 474.

The judgment of the Circuit Court is reversed and the cause remanded.