# Frank T. Kinnare, Adm'r, etc., v. City of Chicago and The Board of Education of the City of Chicago.

1. PLEADING—*What is Surplusage in.*—In an action of trespass on the case an allegation that the defendant had "promised and undertaken" is mere surplusage. Such an action does not lie for a breach of a contract; though the fact that the wrong done, or duty neglected, does constitute a breach of contract, is no obstacle to the action.

2. NEGLIGENCE—*Failure to Fence Roof.*—A person who, knowing its condition, accepted work upon the roof of a building, can not recover against his employer for injuries caused by a fall from such roof, on the ground that the roof was not fenced.

3. PLEADING—*When Ignorance of Existing Conditions Should be Pleaded.*—A servant sued his master for injuries caused by a fall from the roof of a building alleging negligence in failing to have the roof fenced. *Held*, that if the servant did not know of such neglect and desired to rely upon such ignorance on his part his want of knowledge should have been averred.

**Trespass on the Case.**—Death from negligent act. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge,

presiding.  Heard in this court at the March term, 1897.  Affirmed. Opinion filed May 6, 1897.

JAMES MAHER, attorney for appellants; A. W. BROWNE, of counsel.

DONALD L. MORRILL, attorney for appellee, the Board of Education of the City of Chicago.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

We shall omit all consideration of the rights, duties and liabilities of the appellees peculiar to their corporate or quasi corporate character, and inquire only whether the declaration to which the Superior Court sustained a demurrer and entered thereon final judgment for the appellees, states what would have constituted a cause of action against individuals.

The appellant sues in case, as the administrator of Maurice McDonnell, and so much of the declaration as need be set out is as follows:

" For that, whereas, the defendants, on or about the 21st day of July, A. D. 1896, at the city of Chicago, in the county of Cook, were engaged in erecting and roofing a certain high building known as the ' Deaf Mute School,' and had then and there engaged the services of the said Maurice McDonnell in his lifetime to work on and about the roofing of the said building, and had then and there promised and undertaken with the said Maurice McDonnell that, if he would work upon the roof and roofing of said building, they would provide and furnish reasonably adequate safeguards, scaffolding and protective appliances around, upon and about the roof of said building, to prevent him falling from the said roof whilst he was working thereupon, and in the exercise of reasonable care about his own safety, and relying thereupon, the said Maurice McDonnell then and there entered upon the said employment and roofing work.

Yet the plaintiff avers at the time aforesaid, at the place aforesaid, and whilst the said Maurice McDonnell was then

and there rightfully and with all reasonable care and diligence about his own safety, working upon the roof and roofing of said building, the said defendants then and there carelessly, negligently, wrongfully and improperly wholly neglected and failed to provide and furnish any reasonably adequate safeguards or scaffolding or protective appliances around, upon and about the roof of said building to prevent him from falling or being precipitated therefrom, and by means thereof, and for want of such safeguards, scaffolding and protective appliances, the said Maurice McDonnell then and there unavoidably on his part fell and was precipitated from off the roof of said high building down to and upon the ground below, and was thereby then and there killed."

Now what is there alleged of "promised and undertaken" is mere surplusage. An action on the case—not assumpsit—does not lie for a breach of contract; though the fact that the wrong done, or duty neglected, does constitute a breach of contract is no obstacle to the action. Nevin v. Pullman P. C. Co., 106 Ill. 222; especially what is on page 236.

Then the case stated amounts to this: The deceased worked upon a roof, and—as he knew—without being fenced in, and fell off—I say "as he knew," because if it be part of the case that he did not know, such want of knowledge should have been averred. United States R. S. Co. v. Chadwick, 35 Ill. App. 474; 2 Thomp. Negl. 1050.

That is no case, and the judgment is affirmed.