## Suburban R. R. Co. v. Ada Balkwill, Adm'x, etc.

1.  CORPORATIONS—*Contractors as Agents and Servants.*—A contractor exercising the chartered powers of a corporation with its assent, is to be regarded, so far as the public and third parties are concerned, as the servant or agent of such corporation.    It is an exception to the general rule, that where work is done by an independent contractor the owner or employer is not within the doctrine of *respondeat superior.*

2.  SAME—*Responsibility Where the Contractor Causes an Injury.*— Where the person who causes an injury is a contractor, he will be regarded as the agent or servant of the corporation for whom he is doing the work, if he is exercising some chartered privilege or power of a corporation with its assent which he could not exercise independently of its charter.

3.  RAILROADS—*Liability of a Lessee Who Permits a Third Party to Use the Track.*—Where the lessee of a railroad company by contract permits a third party to use it, he becomes liable for the negligent acts of such third party.

4.  SAME—*Removal of Evidence from the State.*—Where a railroad company removes from the State and out of the reach of the adverse party documentary evidence which it is called upon to produce, it can not be heard to object to the introduction of secondary evidence.

**Trespass on the Case.**—Death from negligent act.    Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1900.    Affirmed.    Opinion filed April 16, 1901.

Clarence Knight and William G. Adams, attorneys for appellant.

James C. McShane, attorney for appellee.

Mr. Justice Freeman delivered the opinion of the court.

This is a suit by appellee as administratrix, to recover for the death of her husband, Hugh Balkwill, who was run over by a train of cars, claimed to have been operated by appellant's agents. The deceased was riding a bicycle upon Forty-second avenue, Chicago, and came upon the railroad crossing just in front of the train by which he was killed.

It is first contended by appellant that the court erred in not peremptorily instructing the jury to find appellant not guilty, upon the ground that it was incumbent upon appellee to prove not only that appellant owned the railroad in question but also operated the same; and this it is urged was not proved. The real contention is that there is no sufficient evidence tending to show that appellant either owned or operated the road where the accident occurred. It seems to be in effect conceded that prior to its possession by appellant, the road was owned and operated by the Chicago and Northern Pacific Railway Company; that it was by that company leased to appellant; that the latter was authorized by charter and by the necessary ordinances to build and operate it; that appellant entered into a contract with one Leeds which provided for equipping it anew so as to permit its operation by electricity instead of steam; that this contract was assigned by Leeds to a corporation known as the "Suburban Construction Company," which in turn contracted with the firm of Naugle, Holcomb & Co., to do the work and furnish the electrical equipment required; that this contract was approved and ratified by appellant; and that Naugle, Holcomb & Co. were, at the time of the accident now in controversy, temporarily operating the road under the contract above referred to. It is stated by appellant's attorneys that while they do not admit that these facts are properly proven, yet if they are, they are not sufficient to create liability against their client,

because it is said it does not affirmatively appear that Naugle, Holcomb & Co. were operating the road under appellant's charter and ordinances. The contract with Naugle, Holcomb & Co., and its contents, was proven. It recited, among other things, that the road leased by appellant, from the receiver, should be equipped for electrical operation, and it required the contractors to procure, in appellant's name, such rights of way as might be necessary for the construction and equipment of additional lines of road, to protect appellant's franchises, and if necessary procure additional franchises in appellant's name; and it required said contractors " to operate with steam if necessary, and to maintain the lines of road now leased as aforesaid from A. L. Hopkins, receiver of the Chicago and Northern Pacific Railroad Company, in full compliance with the terms of said lease," etc. There was testimony admitted over appellant's objection, the latter having refused or neglected to produce the records of the company, tending to show that the said contract was ratified and approved by appellant. It is also in evidence that the work under the contract was in fact done under the supervision of appellant's engineer as the contract provided, and that appellant paid the contractors as the work progressed upon certificates issued by appellant's chief engineer. Appellant's charter was also in evidence. We do not deem it necessary to consider in detail appellant's objection to much of this evidence. It must suffice to say that we regard it as making *prima facie* proof that the contractors who were operating the road at the time of the accident were so doing under the lease referred to in the contract, and under the charter and ordinances of appellant; that they must be regarded as the latter's agents; and that as the injury was inflicted by appellant's said agents exercising its charter powers, it was in legal effect inflicted by appellant. It is the law of this State, " that a contractor exercising the chartered power of a corporation with its assent must be regarded in so far as the public and third persons are concerned as the servant or agent of the corporation." Met.

West Side El. R. R. Co. v. Dick, 87 Ill. App. 40 (48) and cases there cited. This is an exception to the general rule that where work is done by an independent contractor the owner or employer is not within the doctrine of *respondeat superior*. Even though the person who causes the injury is a contractor, he will be regarded as the servant or agent of the corporation for whom he is doing the work if he is exercising some chartered privilege or power of a corporation with its assent, which he could not have exercised independently of its charter. North Chicago St. R. R. Co. v. Dudgeon, 184 Ill. 477 (480); Economic Fuel Gas Co. v. Myers, 168 Ill. 139 (146). When the lessee of a railroad by contract permits a third party to use it, such lessee thereby becomes liable for the negligent acts of such third party. P. C. & St. L. Ry. Co. v. Campbell, 86 Ill. 443, and cases cited. There is evidence tending to show that the line upon which the accident occurred was leased to appellant by the receiver of the Chicago & Northern Pacific Company. The fact is not denied by appellant, and if it chose to remove out of the State, and beyond appellee's reach, documentary evidence it was called on to produce, it is itself responsible for the admission of secondary evidence to which it objects. We have carefully considered the objections to the rulings of the court on the admission of the evidence, relating to the lease, and upon the whole regard them as giving appellee all the advantage to which it was legitimately entitled.

There is conflict to a considerable extent in the testimony. But there is evidence tending to show that the bell was not ringing as the train approached the crossing, nor prior to the accident. It is a matter of dispute among the witnesses whether the whistle was sounded, and also whether the deceased was going north or south. These were questions of fact for the jury, and we find no reason to question their finding in that respect. It is supported by ample evidence. It is doubtless true that the deceased might have seen the train approaching, had his attention been called thereto by bell or whistle, or by knowledge or realization of the fact that he was himself so near the railroad crossing. We can

not say from this evidence that the conduct of the deceased was so clearly and palpably negligent that all reasonable minds would so pronounce it without hesitation or dissent, and therefore the question of negligence is one of fact for the jury. L. S. & M. S. Ry. Co. v. Johnson, 135 Ill. 641. The verdict must conclude us on this point. T. H. & I. R. R. v. Voelker, 129 Ill. 540 (552–555), and cases cited. There is evidence tending to show that the crossing itself was in bad order, and the jury had a right to consider that testimony. If the progress of the deceased across the tracks was impeded by holes and imperfect planking, thus contributing to the injury, it was proper that the fact should be shown.

Complaint is made of the modification of one of appellant's instructions, which modification contained a reference to the declaration. But the modification was only explanatory, and while perhaps unnecessary, yet if open to criticism in that regard, could not have been injurious, in view of instructions given. After telling a jury that appellant was not responsible for the vegetation outside its right of way, to say by way of explanation that appellant, if liable at all, could be held responsible only for such negligent acts as are charged in the declaration, is a very different thing from saying, as in C. & H. S. St. R. R. Co. v. McCarthy, 66 Ill. App. 667, that the jury must find for plaintiff if they believed he had made out his case as laid in the declaration, when the latter contained counts upon which there could be no recovery, and the jury were not so informed.

It is urged that certain of the instructions requested by appellant were erroneously refused. But it was not incumbent on appellee to prove that the engine did not have a bell, and also that such bell was not ringing. It was enough to show that it was not ringing. Nor do we understand it to be the law that the mere fact, assuming it to be a fact, that the deceased rode his bicycle on the track without looking and was injured in consequence, absolutely barred recovery as a matter of law. It can not be said that such proof makes out a case of negligence *per se*, independent of other circumstances. The same is true as to the

instruction which in effect would have told the jury that failure to look in both directions along the railroad as deceased approached would prevent recovery as a matter of law. This might be so under some circumstances doubtless, but it is by no means true as an absolute proposition applicable to every case. Nor was it error to refuse to tell the jury that it was sufficient if appellant either rang the bell or sounded the whistle " at the time of the alleged accident." To have done so merely at the moment of contact would not have been helpful if such warning had not been given so as to advise the deceased of danger before it was too late. The last instruction refused would have told the jury in effect that it was the duty of the deceased to have avoided the accident " if possible on his part." It was his duty to exercise all ordinary care so to do, but there are very few accidents which it would not have been possible to prevent if they could have been foreseen.

It is objected that the court erred in refusing to submit two interrogatories to the jury. We do not agree with appellant's attorneys that if the jury had found in answer thereto that the deceased could have seen the train approaching when at a safe distance from the crossing, this would have been a finding of ultimate fact, entitling appellant to a judgment in its favor, notwithstanding the verdict. See C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 136.

There are some additional technical objections presented, which we do not deem it necessary to consider at length. To do so would only be to restate well known principles of law. Finding no substantial error in the record, the judgment of the Superior Court must be affirmed.