ABRAHAM BRADBURG *vs.* BENJAMIN L. SEGAL and Trustee.

Knox.    Opinion February 24, 1922.

*In a declaration for slander, unless the expressions and words alleged to be slan-*
*derous, can be interpreted as actionable with at least a reasonable certainty,*
*they must be made certain by proper colloquium and averment.   An innu-*
*endo is only explanatory of some matter already expressed, but cannot*
*add to or enlarge or change the sense of the previous words, hence*
*there must be an inducement stating such facts as will*
*support an innuendo.*

Words cannot be regarded, upon demurrer to a declaration in an action for slander, as actionable, unless they can be interpreted as such, with at least a reasonable certainty.   In case of uncertainty as to the meaning of expressions of which a plaintiff complains, the rule requires him to make the meaning certain by means of proper colloquium and averment.

An innuendo is only explanatory of some matter already expressed; it serves to point out when there is precedent matter, but never for a new charge; it may apply what is already expressed, but cannot add to or enlarge or change the sense of the previous words. When what is complained of in the declaration as a libel does not upon the face of it apply to the plaintiff and impute a libel, there must be an inducement stating such facts as will support an innuendo and show the libelous application of the statement to the plaintiff. An innuendo cannot supply the omission of a necessary inducement of matter; and an innuendo introducing new facts, or otherwise than by reference to previous inducement, is fatally defective.

On exceptions. This is an action on the case for slander, plaintiff alleging that defendant used about and concerning him the following words: "He has been in the cemetery and moved the headstone of my wife sidewise from its place." The defendant filed a demurrer which was overruled by the presiding Justice and the defendant took exceptions. Exceptions sustained.

The case is fully stated in the opinion.

*M. A. Johnson,* for plaintiff.

*A. S. Littlefield,* for defendant.

SITTING: CORNISH, C. J., HANSON, DUNN, MORRILL, DEASY, JJ.

HANSON, J. This is an action on the case for slander. The defendant filed a general demurrer to the declaration. The presiding Justice overruled the demurrer and the case is before the Law Court on exceptions to this ruling.

The alleged slanderous words are,—"He has been in the cemetery and moved the headstone of my wife sidewise from its place."

The offense with which the plaintiff says he was charged by the defendant is set out in R. S., Chap. 126, Sec. 43, as follows: "Whoever wilfully destroys or injures any tomb, gravestone, monument or other object placed or designed as a memorial of the dead, or any fence, railing or other thing placed about or enclosing a burial place; or wilfully injures, removes, or destroys, any tree, shrub or plant, within such enclosure, shall be punished by imprisonment for less than one year, or by fine not exceeding five hundred dollars."

The declaration alleges, "For that the said Plaintiff is a good, true and honest citizen of the State of Maine, and from the time of his nativity, hath hitherto behaved and governed himself as such, and during all that time hath been held, esteemed and reputed of a good

name, character and reputation, as well among a great number of fellow citizens, as among all his neighbors and acquaintance, and during all that time hath been free from the atrocious crime of wilfully destroying or injuring any tomb, gravestone, monument or other object placed or designed as a memorial of the dead, or any fence, or other thing placed about or enclosing a burial place; or wilfully injuring, removing or destroying any tree, shrub, or plant, within such enclosure; nevertheless, the said Defendant in nowise ignorant of the premises, but contriving and maliciously intending, not only to injure the said Plaintiff and deprive him of his good name, character and reputation, but also to cause the said Plaintiff to be brought under the pain and penalties of the law provided against injury to monuments, gravestones and places of burial, at said Rockland on October 3, 1920, and on divers other days before and after said date, speaking of the said plaintiff and in the presence and hearing of said plaintiff, and in the presence and hearing of many of his fellow citizens, falsely and maliciously, openly and publicly, and with a loud voice, pronounced and published the following false, feigned and scandalous. English words about and of the said Plaintiff, to wit: 'He' (meaning the said Plaintiff) 'has been in the cemetery' (meaning the Jewish cemetery at South Thomaston, Knox County, Maine) 'and moved the headstone of my wife' (meaning the gravestone marking her grave) 'sidewise from its place' (meaning that the said Plaintiff had wilfully injured the gravestone placed at the grave of defendant's deceased wife by removing said stone from its original fixed foundation and placing it sidewise or crosswise of said foundation without any authority, legal or otherwise) 'and I can prove that he done it'; by means of the speaking and publishing of which said several false, scandalous and defamatory words and of the said false and malicious charge, he, the said Plaintiff, is not only injured and prejudiced in his good name and reputation, but has been liable to be prosecuted for the crime of wilfully injuring monuments, gravestones and places of burial," etc., etc.

Whether or not the language set out will bear the interpretation given to it by the plaintiff, whether or not it is capable of conveying the meaning which he ascribes to it, is in such a case a question of law for the court. What meaning the words did convey to one hearing him is in such a case a question of fact for the jury. We have to do with the former only, and it is the opinion of the court that the excep-

tions must be sustained.   The language used will not bear the interpretation given to it by the plaintiff.   It is apparent that the words could reasonably apply to various conditions where the act complained of might relate to an occurrence entirely harmless, and without wilful, corrupt, or unlawful intent.   Certainly the words describe a harmless act and intention with as much certainty as they would an illegal act and intent.   It is not alleged that any injury was done to the gravestone.   A change of location, a moving "sidewise from its place," is not such an injury to the gravestone as the statute contemplates,—in fact it is not claimed to be an injury in argument further than it is urged that a moving from its place in any manner constitutes the "wilful injury" provided for in the statute.

We cannot adopt the construction contended for.   We think the statute was intended to provide for cases of wilful destruction or injury to "any tomb, gravestone, or monument," and any case falling short of such wilful destruction or injury would not be within the purview of the statute, and charging a person with an act which does not amount to such wilful destruction or injury is not charging him with a crime or misdemeanor.   The charge, if true, might describe an act entirely commendable, equally innocent and free from unlawful intent, and which might arise from a claim of right to so move a gravestone.   The words must therefore be said to be of uncertain meaning at least.   It is apparent that the uncertainty was appreciated when the declaration was framed, for the innuendo was made use of to perform its own office, as well as the offices of an inducement and colloquium.   The declaration lacks both of these essential elements.   This omission was the principal ground for the challenge by demurrer, and the ground was well taken.   It is true that if the defamatory words, taken in their natural and ordinary signification, fairly import a criminal charge, it is sufficient to render them actionable.   *Gibbs* v. *Dewey*, 5 Cow., 503; *Miller* v. *Miller*, 8 Johns, 74; *Thompson* v. *Sun Publishing Co.*, 91 Maine, 203.   But in cases of uncertainty as to the meaning of expressions of which a plaintiff complains, the law requires the pleader to make the meaning certain by means of proper colloquium and averment.   *Thompson* v. *Sun Publishing Company*, 91 Maine, 203.   And this requirement the plaintiff failed to perform.

In *Wing* v. *Wing*, 66 Maine, 62, the words alleged to be actionable were, "Almon Wing stole windows from Benjamin Jordan's house."

There were no special averments in the declaration. The defendant demurred generally to the declaration. The presiding Justice, demurrer being joined, sustained it, and the plaintiff excepted. The court say:—"The words uttered by the defendant do not impute the crime of larceny, but amount to an accusation of only trespass to real estate. The meaning conveyed by the words is at least doubtful. They may be susceptible of different constructions, perhaps. But words cannot be regarded, upon demurrer to the declaration, as actionable, unless they can be interpreted as such, with at least a reasonable certainty. In case of uncertainty as to the meaning of expressions of which a plaintiff complains, the rule requires him to make the meaning certain by means of proper colloquium and averment. It is always in his power to do so. . . . . To constitute a 'malicious and wilful' injury to a building, it is not enough that the injury was wilful and intentional, but in order to create the criminal offense, it must have been done out of cruelty, hostility, or revenge." In *Emery* v. *Prescott,* quoted in *Wing* v. *Wing,* supra, it is held "that an innuendo is only explanatory of some matter already expressed; it serves to point out when there is precedent matter, but never for a new charge; it may apply what is already expressed, but cannot add to or enlarge or change the sense of the previous words." . . . .

"When what is complained of in the declaration as a libel does not upon the face of it apply to the plaintiff and impute a libel, there must be an inducement stating such facts as will support an innuendo and show the libelous application of the statement to the plaintiff." "The innuendo cannot supply the omission of a necessary inducement of matter; and an innuendo introducing new facts, or otherwise than by reference to previous inducement, is fatally defective." See *Patterson* v. *Wilkinson,* 55 Maine, 43.

In the instant case the words alleged in the declaration do not import a crime or misdemeanor. It is true the innuendo says the act complained of was performed wilfully, but that is not what the defendant is alleged to have said. The word "wilfully" is not among the words set out as having been used by the defendant, nor were other words used in averment which are fairly to be interpreted as charging the crime alleged. These omissions cannot be cured or supplied by the pleader by way of innuendo. In *Brown* v. *Brown,* 14 Maine, 317, an action of slander, where the words used were, "Uncle Daniel must settle for some of my logs he has made away

with," these were followed in the declaration by the words, "thereby accusing the plaintiff of stealing," without any previous colloquium or averment showing such to have been the intention.    The defendant demurred to the  declaration and the  plaintiff joined in the demurrer.    It was held that "If the words used were intended to fix upon the plaintiff the charge of larceny, they should have been preceded in the declaration by a colloquium, showing that intention. *Holt* v. *Scholefield,* 6 T. R., 691; *Hawkes* v. *Hawkey,* 8 East., 427. It is true, it is stated in the declaration by way of innuendo, that the defendant meant to charge the plaintiff with the crime of stealing. The office of an innuendo is to apply the slander to the precedent matter; but it cannot add to or enlarge, extend or change the sense of the previous words.    1 Saunders, 243, Note 4.    The words in the declaration, not in themselves importing a crime, are not enlarged or extended by innuendo.    The declaration, being therefore insufficient by the settled rules of law, applied to cases of  this  kind,  is adjudged bad."    The rule thus stated applies with equal force in the instant case.    *Carter* v. *Andrews,* 16 Pick., 6.

*Exceptions sustained.*